**Ingrid D. CRUMMIE, Plaintiff,**

v.

**DAYTON–HUDSON CORPORATION, a foreign corporation, Shirley Davis and William Wrobleski, jointly and severally, Defendants.**

**No. 85–CV–71689–DT.**

United States District Court,
E.D. Michigan, S.D.

June 14, 1985.

William K. Necker, Wayne, Mich., for plaintiff.

Larry W. Davidson, Detroit, Mich., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND TO WAYNE COUNTY CIRCUIT COURT

La PLATA, District Judge.

On March 25, 1985, Plaintiff, Ingrid D. Crummie, filed a five-count Complaint in the Wayne County Circuit Court against the above-named Defendants, essentially alleging that Defendants wrongfully detained and arrested her on September 15, 1984, while she was a business invitee at the Dearborn, Michigan, Hudson's Department Store. Based on Count V of Plaintiff's Complaint, in which she asserted that Defendants, acting under color of state law, violated her federal constitutional rights, Defendants removed the case to this Court on April 17, 1985. 28 U.S.C. § 1441(a).

On June 3, 1985, Plaintiff filed a Motion to Remand the matter to the state court. In support of her Motion, Plaintiff asserts that a result of her filing of an Amended Complaint in state court on April 22, 1985, wherein the federal claim was deleted, the

federal court does not have subject matter jurisdiction over the action. The statute under which Plaintiff seeks to have the case remanded to the Wayne County Circuit Court, 28 U.S.C. § 1447(c), prescribes in pertinent part:

> (c) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

After a removal of an action, a federal court acquires total, exclusive jurisdiction over the litigation. *French v. Hay*, 89 U.S. (22 Wall.) 238, 22 L.Ed. 854 (1875); Wright, Law of Federal Courts, § 40 at 165 (3d ed. 1976). The removed case is governed by the Federal Rules of Civil Procedure and is treated as though it originally had been instituted in the federal court. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974).

Applying the foregoing precepts to the matter at bar, it is evident that Plaintiff's filing of an amended complaint in state court subsequent to the removal of the cause was of no effect. The only pleading this Court can review is the original complaint, where, in Count V, Plaintiff claimed that Defendants deprived her of her federal constitutional rights. Consequently, this Court finds that Defendant did not remove the action improvidently.

WHEREFORE, Plaintiff's Motion to Remand the case to the Wayne County Circuit Court is DENIED.

So Ordered.