**FAIRMONT HOMES, INC., Plaintiff,**

v.

**SHRED PAX CORPORATION, Defendant.**

**No. S90–140.**

United States District Court,
N.D. Indiana,
South Bend Division.

Dec. 28, 1990.

Brian L. Hoffer, Randy Spitaels, Nappanee, Ind., for plaintiff.

Michael Bolton, Michael Dockteman, Chicago, Ill., Don Blackmond, South Bend, Ind., for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This garden variety breach of contract/fraud case poses a legal issue that, amazingly, has been decided in no prior reported case, perhaps because the resolution of the issue seems self-evident: Whether a complaint that might be sufficient to state a claim under the procedural rules of the state in whose courts it was filed is subject to post-removal dismissal should it fail to satisfy more stringent federal rules. The court concludes that such a complaint is subject to dismissal, albeit dismissal without prejudice.

Fundamental questions lurk in this case's deceptively simple factual scenario. Fair-

mont Homes, Inc. wanted to buy an industrial shredding machine. Shred Pax Corporation makes industrial shredding machines. Shred Pax said, according to Fairmont's complaint, that its machine would double the performance of Fairmont's existing equipment. Fairmont bought a Shred Pax machine and, *again according to* Fairmont, it did not meet the promised level of output.[1] So Fairmont sued Shred Pax in an Indiana state court. Fairmont is incorporated, and has its principal place of business in, Indiana; Shred Pax is incorporated, and has its principal place of business in, Illinois; the amount in controversy exceeds $50,000.00. Because federal jurisdiction would exist, 28 U.S.C. § 1332, Shred Pax removed the case to this court, 28 U.S.C. § 1441, then moved to dismiss the complaint, Fed.R.Civ.P. 12(b)(6).

Unfortunately, Fairmont's complaint is not as simple a document as the foregoing recitation suggests. It consists of ten counts. Two of the counts (I and II) allege breach of express warranty; two counts (III and IV) allege breach of implied warranty of fitness for the particular purpose; two counts (V and VI) allege breach of implied warranties of merchantability and fitness for ordinary purposes; two counts (VII and VIII) allege fraud; and two counts (IX and X) allege breach of contract, although the alleged breaches are the failure to live up to the warranties.

The motion to dismiss the fraud counts presents the dichotomy between state and federal law. Indiana Trial Rule 9(B) and Federal Rule of Civil Procedure 9(b) each require fraud to be pleaded "with particularity". The state and federal courts, however, have construed that phrase differently. Indiana courts require the pleader to aver the time, place and substance of the false representations, the facts misrepresented, and the identification of what was procured by fraud. *Dutton v. International Harvester Co.*, 504 N.E.2d 313, 318 (Ind.App.1987); *Wilson v. Palmer*, 452

---

1. Actually, Fairmont bought a different model than the one Shred Pax initially offered, but Fairmont contends that the promises made with respect to the first also applied to the second

and, in any event, Shred Pax attempted to cure shortcomings of the second machine by replacing it with the first, which then failed to pass muster, as well.

N.E.2d 426 (Ind.App.1983); *see generally Cunningham v. Associates Capital Services Corp.*, 421 N.E.2d 681 (Ind.App.1981).

 The federal courts have gone slightly further. To state a claim for fraud consistent with Federal Rule 9(b), the plaintiff must also "identify particular statements and actions and specify why they are fraudulent.... Conclusory allegations do not satisfy the requirements of Rule 9(b) and subject the pleader to dismissal...." *Veal v. First American Savings Bank*, 914 F.2d 909, 913 (7th Cir.1990), *reh'g denied* 1990 WL 139483, 1990 US App Lexis 19762 (7th Cir.1990). *Accord, DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th 1990), *cert. denied* — U.S. ——, 111 S.Ct. 347, 112 L.Ed.2d 312 (1990); *Design Time v. Synthetic Diamond Tech.*, 674 F.Supp. 1564, 1569 (N.D.Ind.1987). Most importantly, under the federal rule, allegations of fraud cannot be based on information and belief, except as to matters within the opposing party's knowledge, and in the latter case, the allegations must be accompanied by a statement of the facts upon which the belief is founded. *Luce v. Edelstein*, 802 F.2d 49, 54 (2nd Cir.1986); *Duane v. Altenburg*, 297 F.2d 515, 518 (7th Cir.1962).

 Fairmont, which alleged Shred Pax's scienter "on information and belief", seeks to march under the state procedural banner, while Shred Pax argues that the federal standard applies. Each side cites cases that did not consider this issue.[2] Although neither counsel nor the court have uncovered a reported case squarely addressing the issue, the court believes that Federal Rule 81(c) provides the answer:

(c) **Removed Actions.** These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal. Repleading is not necessary unless the court so orders. In a removed action in which the defendant has not answered, the defendant shall answer or present the other defenses or objections available under these rules within 20 days ...

Because this action was removed to a district court from a state court, the Federal Rules of Civil Procedure apply. A motion to dismiss for failure to satisfy the pleading requirements of Rule 9(b) is among the objections available under the Federal Rules of Civil Procedure, and hence is available to the Shred Pax. The Rule's second sentence indicates an intent that repleading not be required each time a case is removed, but also a recognition that repleading may be necessary in some removed cases. Because Federal Rule 9(b) applies to this case, this is among those cases in which repleading may be necessary.

Most of the defects Shred Pax finds in Counts VII and VIII are illusory. The fraud counts reference the April 22, 1988 letter of Jill Myers, which is attached to the complaint; to the extent Fairmont alleges the representations in that letter to have been fraudulent, no better recitation is possible. That letter's contents may be viewed as statements of fact concerning the capabilities of Shred Pax's then-available equipment, rather than opinion or prediction of future events. Because the complaint must be viewed in the light most favorable to the plaintiff when challenged by a motion to dismiss, *Yeksigian v. Nappi*, 900 F.2d 101, 103 (7th Cir.1990), it can-

---

**2.** Fairmont relies on *McKenzie v. Fairmont Food Co.*, 305 F.Supp. 163 (N.D.Ohio 1969), for the proposition that state law governs diversity cases that have been removed to federal court. The issue in *McKenzie,* however, was not whether the complaint satisfied Rule 9(b), but rather whether its allegations stated a claim for relief under Ohio substantive law. Were Indiana's recognition of the tort of fraud as part of its substantive law in doubt, *McKenzie* would control, but this is not a case involving uncertain state substantive law.

Shred Pax relies on *Crummie v. Dayton–Hudson Corp.*, 611 F.Supp. 692 (E.D.Mich.1986), and *Sheldon v. Munford,* 660 F.Supp. 130, 133 n. 1 (N.D.Ind.1987), neither of which addressed an issue analogous to that raised here. *Crummie* stands for the unremarkable proposition that a plaintiff cannot defeat removal jurisdiction by filing an amended complaint in the state court five days after removal. *Sheldon* simply held that the Federal Rules of Civil Procedure apply to complaints filed in federal court based on diversity jurisdiction, a holding foretold by Fed. R.Civ.P. 1.

not be said that the complaint fails to allege an actionable misrepresentation under Indiana law.

Nonetheless, Fairmont seeks to plead claims of fraud in Counts VII and VIII of the complaint, and to do so it must allege scienter. Paragraph 3 of Count VII, which is incorporated by reference into Count VIII, alleges scienter in a conclusory fashion on information and belief. As noted earlier, such allegations do not meet the standard required by Federal Rule 9(b), which requires the pleader to allege the facts upon which the belief is founded. *Luce v. Edelstein*, 802 F.2d at 54; *Duane v. Altenburg*, 297 F.2d at 518. Because Fairmont's fraud claims fail to do so, they must be dismissed.

Dismissal with prejudice on these grounds would constitute an abuse of discretion. *Luce v. Edelstein*, 802 F.2d at 56. Accordingly, Fairmont shall be afforded a period of time within which to amend its fraud claims.

■ Shred Pax argues that Fairmont's remedy under the contract is limited to repair or replacement of equipment, referring to paragraph 9 of its Proposal (Exhibit B to Shred Pax's memo). Shred Pax cites IND. CODE 26-1-2-206 and 207 for the proposition that this term in its offer became part of the contract to the extent that Fairmont failed to reject it, and IND. CODE 26-1-2-719 for support of its right to limit remedies. Fairmont argues that sections 206 and 207 do not support Shred Pax's position that the terms in Shred Pax's offer became terms of the contract to the extent Fairmont failed to reject them.

The briefing of the motions, however, unearthed a genuine, material fact issue that precludes judgment on this issue. By its own terms, Shred Pax's original offer (which contained the limitations on remedies) expired thirty days after issuance. The materials before the court allow an inference that Fairmont intended to accept the offer (perhaps with some modification of terms), but also allow an inference that Fairmont's next communication constituted a counter-offer, replacing the expired offer. If that inference is adopted, Fairmont offered to purchase the Shred Pax product if the product was accompanied by a guarantee of a 2:1 volume reduction, and Shred Pax's delivery of its product could be viewed as acceptance of Fairmont's offer. Because that inference is one reasonably drawn from the materials before the court, it precludes summary judgment. *Illinois Bell Telephone Co. v. Haines and Co., Inc.*, 905 F.2d 1081, 1087 (7th Cir.1990).

The same inference defeats dismissal based on the original offer's disclaimer of implied and express warranties. The court agrees with Shred Pax that the original offer contained language sufficient to disclaim an implied warranty of fitness, IND. CODE 26-1-1-201(10), 26-1-2-316(2); *Roberts v. Homelite Div. of Textron, Inc.*, 649 F.Supp. 1440, 1444 (N.D.Ind.1986); *Hahn v. Ford Motor Co.*, 434 N.E.2d 943, 948 (Ind.App.1982), and an implied warranty of merchantability, IND. CODE 26-1-2-316(3)(a), although it is doubtful whether the original offer could be said to have disclaimed express warranties.

■ If the original offer was not part of the contract, however, it could not have disclaimed warranties. A plaintiff may present a hypothetical set of facts supportable by the complaint to establish its sufficiency in the face of a Rule 12(b)(6) motion, *Trevino v. Union Pacific R.R. Co.*, 916 F.2d 1230 (7th Cir.1990), and Fairmont has done so here through its hypothetical counter-offer/acceptance scenario. Accordingly, the complaint's warranty counts cannot be dismissed for failure to state a claim upon which relief can be granted.

Finally, Shred Pax seeks to strike counts II, IV, VI and X of the complaint as redundant. Recognizing that such relief is discretionary, and recognizing further that Fairmont concedes it cannot obtain a double recovery for the same injury, the court does not believe such relief to be appropriate.

For the foregoing reasons, the defendant's motion to dismiss counts VII and VIII should be, and hereby is, GRANTED, and the plaintiff is afforded twenty days from the date of this order within which to

file an amended complaint. The defendant's motion for dismissal and summary judgment should be, and hereby is, DENIED in all other respects.

SO ORDERED.