601 A.2d 462

**Joseph A. FESSLER and Ann Fessler, his wife, Appellants,**

**v.**

**Leonora HANNAGAN et al., Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 27, 1991.

Decided Dec. 26, 1991.

Joseph Fessler, for appellants.

Donald D. McFadden, for individual appellees.

Patrick E. Dougherty and Joseph J. Hestor, for appellee Hugh Mundy.

Daniel G. Flannery, for appellee City of Wilkes–Barre.

Before PALLADINO and BYER, JJ., and SILVESTRI, Senior Judge.

BYER, Judge.

This appeal raises the novel question of whether, after a civil action commenced in a state court has been removed to and dismissed by a United States District Court, the plaintiffs may file an amended complaint in the original proceedings in the state court. We hold that removal to federal court deprives the state court of subject matter jurisdiction to consider the amended complaint even though the district court dismissed the action.

In 1973, the Wilkes–Barre Redevelopment Authority condemned plaintiffs' properties. Since then, plaintiffs have filed numerous lawsuits in state and federal courts seeking redress for an alleged unlawful taking and condemnation. Plaintiffs commenced the current action in 1989 when they filed a "pleading" in the Court of Common Pleas of Luzerne County at No. 4055–C of 1989, titled "Appeal and Review of all Phases of Relocation Payment under the Federal, State, Eminent Domain Laws. Review of all Appraisal. Using False Documents to gain control of my Real Estate. Also, Payment of Legal Fees. Seeking Damages by Court. Reopen all My Cases." In addition to the defendants who are appellees in this appeal, the original defendants to that action included officials of the United States Department of Housing and Urban Development.

On November 21, 1989, the United States removed the action to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1441. On

December 21, 1989, the district court dismissed the action on the merits.[1]

On August 30, 1990, plaintiffs filed in the Court of Common Pleas of Luzerne County an amended complaint at the same docket number as the removed and dismissed action (No. 4055–C of 1989). This amended complaint eliminated some of the original defendants, including the HUD officials, but raised substantially the same issues as the original pleading. Defendant Mundy filed a preliminary objection to the amended complaint asserting that common pleas court lacked jurisdiction because of the removal to federal court. None of the defendants answered the complaint, and plaintiffs filed a praecipe for default judgment. The prothonotary entered judgment, which all defendants petitioned to strike.

Holding it had no jurisdiction to entertain the amended complaint because of the prior removal of the original proceedings to federal court, the court of common pleas entered an order striking the default judgment, sustaining defendant Mundy's preliminary objection and "denying" plaintiffs' praecipe to enter a default judgment. Plaintiffs appeal from that order.

Plaintiffs filed their notice of appeal erroneously in Superior Court, which transferred the appeal to this court. The notice appealed the trial court's order generally; however, in their brief plaintiffs explicitly limit their appeal to those portions of the order sustaining Mundy's preliminary objection. Brief for appellants, 3. Plaintiffs have abandoned

1. The district court's opinion stated:

Plaintiffs have once again filed a 'carbon copy' of the proceedings previously filed in this Court, as well as in the state judicial system. The only difference, however, is that Plaintiffs have added a few new Defendants along with previously named parties.... These new additions, however, do not cure the past problems faced by the Fesslers in their former pleadings. A review of our previous memorandums shows that the dismissal of the Fesslers' claims were not based on procedural defects or improperly named parties, but rather, on the failure of the substance of the allegations.

We shall, therefore, dismiss this present suit based on the reasoning set forth in our former opinions concerning this matter. (2a).

any challenge to that portion of the court's order striking the default judgment, and we do not address the propriety of that ruling.[2]

We agree with the court of common pleas that it had no jurisdiction to entertain the amended complaint because the removal of this action to federal court stayed all further proceedings in state court. Removal of a state action to federal court requires that "the State court shall proceed no further *unless and until the case is remanded.*" 28 U.S.C. § 1446(d) (formerly § 1446(e)). Ordinarily, any further

---

**2.** This aspect of the appeal could be quashed because an order striking a default judgment is an interlocutory order not appealable as of right. *See* Pa.R.A.P. 311(a)(1). The 1989 amendments to Rule 311(a)(1) eliminated interlocutory appeals as of right from orders striking, opening or vacating a judgment while retaining the right to appeal from an order refusing to take such actions. *See* Note, Pa. R.A.P. 311(a)(1). Had plaintiffs not abandoned their appeal of this portion of the court's order, we would have been obliged to address *sua sponte* the appealability of that aspect of this appeal. *See Bloom v. DuBois Regional Medical Center,* 409 Pa.Superior Ct. 83, 87, 597 A.2d 671, 673 n. 1 (1991). Although plaintiffs do not abandon their challenge to the portion of the order which "denied" their praecipe for default judgment, this argument is but another way of asserting error in the striking of the default judgment under the circumstances of this case; therefore, we treat it as abandoned in order to be consistent.

In *Bloom,* Superior Court held it had limited appellate jurisdiction of only certain final aspects of the trial court's order, and quashed other aspects that were not final and appealable. The order did not put plaintiff-wife out of court on all of her claims, but only dismissed certain of her theories of recovery. Therefore, her appeal to that extent was not final, according to a line of cases in Superior Court beginning with *Praisner v. Stocker,* 313 Pa.Superior Ct. 332, 459 A.2d 1255 (1983). *Bloom,* 409 Pa.Superior Ct. at 93–94, 597 A.2d at 676–77 (collecting cases).

We are intrigued by Judge Del Sole's suggestion in his concurring and dissenting opinion in *Bloom* that "the time has come to reconsider this area of the law with an eye toward ... change." *Id.* at 107, 597 A.2d at 684. Judge Del Sole proposed that where an appellate court has jurisdiction to consider some but not all aspects of an appeal from a multi-faceted court order, then in "order to avoid piecemeal litigation and act economically, the proper action would therefore be to hear all remaining aspects of the order at the same time." *Id.* This proposal is "analogous to the theory of pendent jurisdiction [of federal courts over state claims where both the state and the federal claims derive from a common nucleus of operative facts], on an appellate level." *Id.* at 107, 597 A.2d at 683. We do not reach the issue here, but observe that the position advanced by Judge Del Sole warrants further consideration by this court in an appropriate case.

state court proceedings "are a nullity until there has been a remand by the federal court." *Wenrick v. Schloemann–Siemag Aktiengesellschaft*, 361 Pa.Superior Ct. 137, 138, 522 A.2d 52, 54 (1987); *aff'd* 523 Pa. 1, 564 A.2d 1244 (1989).[3]

There is no suggestion in the removal statute that dismissal of the action in federal court somehow operates as an automatic remand to the state court, and plaintiffs offer no authority for their contention that "removal jurisdiction ... was extinguished when the federal court made a final determination by dismissing the Plaintiffs' earlier removed action." Brief for appellants, 3. In the absence of any authority to the contrary, we will not read such an exception into the plain and unambiguous language of the federal removal statute. *See Allstate Insurance Co. v. Superior Court*, 183 Cal.Rptr. 330, 132 Cal.App.3d 670 (1982) (state court has no power to resume proceedings where federal court dismisses rather than remands).

Plaintiffs also maintain that the filing of the amended complaint "instituted a separate action...." Brief for appellants, 7. Plaintiffs argue that the filing of a second, separate state court suit is not prohibited by removal of the first such suit into federal court. We agree with plaintiffs that, if a separate action is filed in state courts, the automatic stay of 28 U.S.C. § 1446(d) would not necessarily prohibit further state proceedings on the second action if it was not filed simply in an attempt to defeat federal removal jurisdiction. *Lou v. Belzberg*, 834 F.2d 730 (9th Cir.1987); *Frith v. Blazon–Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir.1975).

However, we do not reach the question of whether plaintiffs' filed their amended complaint in order to defeat federal removal jurisdiction, because it was not a "separate action." On removal, the federal court "acquires total,

---

3. *Wenrick* recognized an exception to this general rule. Where the attempted removal is invalid, state court proceedings conducted after the attempted removal may be valid. *Id.* 361 Pa.Superior Ct. at 138–39, 522 A.2d at 54–55 (citing *Metropolitan Casualty Ins. Co. v. Stevens*, 312 U.S. 563, 61 S.Ct. 715, 85 L.Ed. 1044 (1941); *Yankaus v. Feltenstein*, 244 U.S. 127, 37 S.Ct. 567, 61 L.Ed. 1036 (1917)).

exclusive jurisdiction over the litigation," and the mere filing of an amended complaint in state court omitting the basis for the federal claim does not defeat the federal court's jurisdiction. *Crummie v. Dayton–Hudson Corp.,* 611 F.Supp. 692, 693 (E.D.Mich.1985). "The removed case is governed by the Federal Rules of Civil Procedure and is treated as though it originally had been instituted in the federal court." *Id.* at 693; *see also Redfield v. Continental Casualty Corp.,* 818 F.2d 596 (7th Cir.1987).

Plaintiffs cannot amend in state court a pleading that is treated as having been originally instituted in federal court. Plaintiffs' amended complaint was filed in state court at the same docket number as the removed action which the district court dismissed without remand. Because plaintiffs' amended complaint was not a separate action, but was an attempt to continue the removed action in state court by amendment, the court of common pleas was without jurisdiction to take any further action. If plaintiffs wanted to amend their original pleading, they were obligated to seek leave to amend from the district court, which had jurisdiction over the case by virtue of removal.

We affirm.

## ORDER

We affirm the order of the Court of Common Pleas of Luzerne County.