**Tyrone GLENN, Appellant**

v.

**Joseph MATALONI, Renato Diaz and Larisa Yarczower.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 2008.

Decided June 4, 2008.

---

Tyrone Glenn, appellant, pro se.

Calvin R. Koons, Sr. Deputy Attorney General and John G. Knorr, III, Chief Deputy Attorney General, Harrisburg, for appellees.

BEFORE: PELLEGRINI, Judge, and LEAVITT, Judge, and COLINS, Senior Judge.

OPINION BY Senior Judge COLINS.

■ Tyrone Glenn (Glenn), acting pro se, appeals an order of the Court of Common Pleas of Luzerne County that denied Glenn's request to open a judgment of non pros that had been entered against him on the basis of his failure to comply with Pa.R.C.P. No. 1042.3, which relates to certificates of merit.[1,2]

The substantive facts (as related in the complaint) and procedural history reveal the following summary. Glenn is a prisoner serving a life sentence who is confined at the State Correctional Institution at Retreat. Glenn began experiencing pain or discomfort on July 30, 2004 while incarcerated, stating that the sensation felt like a "parasitic worm-like creature moving inside his anal/intestinal cavity." Brief, p. 5. Tests the medical staff at Retreat conduct-

---

1. This rule pertains to complaints alleging liability of a professional, including health care providers, as in this case. Rule 1042.3 requires a party, or his attorney, to submit a certificate of merit indicating that an appropriately licensed professional has provided a statement to the effect that there is a reasonable probability that the allegedly inadequate treatment that is the subject of the complaint departs from acceptable professional standards and was a cause of the alleged harm.

2. This Court's standard of review where a party challenges a trial court's dismissal based on non pros is limited to considering whether the trial court abused its discretion. *Sklar v. Harleysville Insurance Co.,* 526 Pa. 617, 587 A.2d 1386 (1991).

ed in August of that year did not indicate the presence of such creature or creatures. Glenn filed an Inmate Grievance on August 25, 2004, because he rejected the medical staff's diagnosis, and believed that the cause of his pain was, and presumably continues to be, the above-noted condition. The correctional authorities ultimately denied the grievance.

In July 2006, Glenn had an annual physical at Retreat during which he requested that one of the named defendants, Yarczower, during her performance of a prostate examination, attempt digitally to locate the creature Glenn believed to be in the body cavity. However, Yarczower reiterated the medical staff's continued belief that hemorrhoids were the cause of his discomfort.

Following that examination, Glenn filed in the trial court a complaint against the defendants that sought damages for alleged negligence and medical malpractice. Glenn first attempted to file his complaint on July 25, 2006. However, he did not include a filing fee. He filed again on October 5, 2006, but the filing office returned the complaint because the time for service had expired. Concurrent with that filing, Glenn filed a request for an extension of time to file a certificate of merit, in which he stated that he was having difficulty obtaining a certificate, but, presumably because of the expiration of service, the trial court did not act on the extension request. Following a reissue of process and service of the complaint in November 2006, the defendants filed a praecipe for judgment of non pros under Pa. R.C.P.

No. 1042.6 in December. Glenn filed a response to the praecipe on December 27. On January 1, 2007, Glenn then filed a second request for a sixty-day extension of time to file the certificate of merit, asserting that he had thought the trial court would act on his first motion for an extension of time to file the certificate and again stating that he was having difficulty obtaining a certificate of merit. The trial court denied this request on February 9, 2007,[3] and the defendants filed a second non pros praecipe. Glenn filed a response to the second non pros praecipe on April 23, 2007. Glenn filed an additional motion for an extension of time to file a certificate of merit on the same day.[4] On May 11, 2007, the trial court entered its order granting the praecipe for judgment of non pros. Glenn then filed (1) a petition to open judgment of non pros on May 23, and (2) a petition for relief from judgment of non pros on June 4.

In its order denying Glenn's request for relief from the trial court's grant of non pros, the subject of this appeal, the court stated that Glenn's complaint failed to state a meritorious claim and that Glenn could have obtained a certificate of merit before filing his complaint.

Glenn raises the following issues: (1) whether the trial court abused its discretion by failing to strike the non pros judgment; (2) whether the trial court erred by denying Glenn an extension of time to file the certificate of merit; (3) whether Rule 1042.3 requires a certificate of merit regarding all of the defendants, and if not,

---

3. Glenn filed an appeal of this order with the Superior Court. Glenn had also filed a motion seeking an "abeyance" in the proceedings pending the outcome of his appeal to the Superior Court, which the trial court denied. Glenn similarly appealed the trial court's denial of that motion. The Superior Court quashed both appeals.

4. Glenn had also filed, on April 5, a motion for a preliminary injunction seeking to compel the defendants to provide him with an independent medical examination; the trial court denied that motion on May 25.

whether the trial court's order constitutes an error of law; and (4) whether the trial court violated Glenn's due process right of equal access to the courts in applying Rule 1042.3 to a person incarcerated for life, such as himself, because inmates have no opportunity to obtain such certificates. As the defendants point out, a trial court may open a judgment of non pros only if the plaintiff has demonstrated in a manner to satisfy the court that he has a reasonable explanation for the delay that formed the basis for entry of judgment. A court reviewing a trial court's denial may reverse such a decision only if the order reflects an unreasonable result, partiality, prejudice, bias, animus, or no rational support such as would suggest that the court entered the order erroneously. See, for example, *Neshaminy Constructors, Inc. v. Plymouth Township,* 132 Pa.Cmwlth. 229, 572 A.2d 814 (1990).

■ As noted by the defendants, although Glenn asserted that he was having difficulty obtaining a statement of a physician to include in a certificate of merit, his actions belie the assertion. The averments in Glenn's' first and second requests for an extension of time do not demonstrate any actions Glenn took to try to obtain a medical statement before he filed his requests. Further, the exhibits Glenn included in his later pleadings to the trial court only indicate the affirmative steps he took in sending letters to physicians after the trial court denied the motion for an extension of time.

Having failed to have articulated the reason for his difficulty in obtaining a statement of a medical professional, the trial court had little insight into the reasons why Glenn was having "difficulty." The trial court could have thought that he was simply having trouble obtaining the certificate because no doctor agreed that the care he received was inadequate. The Court could also have thought that Glenn's prison status made the objective difficult, as Glenn indicated in his later pleadings after the entry of the praecipe for non pros. However, with so few facts, the trial court would have reached the latter conclusion based solely on conjecture. Hence, because any conclusion the trial court reached, based upon the pleading, would have been nothing more than guesswork, his conclusion that Glenn was not entitled to an extension is not unreasonable.

■ Although Glenn here asserts constitutional grounds suggesting that the trial court's order deprives him of his right to access to the courts, we are bound to simply consider whether the trial court abused its discretion in denying the motion to open judgment. In neither his initial request, nor his second request in January, did Glenn assert that the denial would raise constitutional concerns. Although that factor alone would not preclude either the trial court or this court from addressing his constitutional claims, and although we agree with Glenn that he raised the issue in his petition to open judgment, we must reject his argument on the basis of our analysis above. Glenn simply did not provide a sufficient factual basis upon which the trial court could consider his claim in his motion for an extension of time. By failing to inject his request with facts that demonstrate some constitutional issue, and as noted above, the trial court lacked any ability to consider the motion in any constitutional context. Simply asserting his "difficulty" in trying to comply with the rule was insufficient to form any support for his claim of abuse of discretion on the basis of a subsequent constitutional claim.[5] Accordingly, we reject this argument.

5. Glenn raises a number of other issues concerning (1) the timing of his motion and pos-

Considering now, these aspects of the proceedings in light of the abuse of discretion standard, we note again that we may overturn the trial court's decision only if his order reflects a manifestly unreasonably resolution or lack of support that demonstrates clear legal error. *Womer v. Hilliker*, 589 Pa. 256, 908 A.2d 269 (2006). Based upon the foregoing discussion of Glenn's pleading, notably the failure to include specific reasons why he needed extra time to comply with the Rule, we cannot conclude that the trial court's order represents manifest unreasonableness or a resolution that is so lacking in support as to be clearly erroneous.

Based upon the foregoing, we affirm the decision of the trial court denying Glenn's motion to open judgment of non pros.

### *ORDER*

AND NOW, this 4th day of June, 2008, the order of the Court of Common Pleas of Luzerne County is affirmed.

sible tolling of the sixty-day period based upon the filing of the motion for an extension, (2) whether a certificate of merit is required for two of the non-physician defendants, (3) whether expert testimony is not required in certain medical malpractice cases if the negligence is obvious, and (4) whether the rule permits a plaintiff to file an unlimited number of extension requests (in this case, Glenn filed a third motion in May upon which the trial court never acted); however, with the exception of sub (4), involving the number of times a plaintiff may submit a motion for extension, Glenn did not raise these issues before the trial court and consequently, they are waived. *Commonwealth v. Holtzapfel*, 895 A.2d 1284 (Pa.Cmwlth.2006). With regard to his claim that the trial court erred in granting the non pros motion without first resolving Glenn's outstanding third extension request, we believe that that rule intends to allow for subsequent extensions following an initial request where a trial court has found persuasive the reasons offered and has already granted an extension, rather than repetitive requests that a court has already considered and denied, as in this case.