IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edgar Martinez,                        :
                    Appellant         :
                                       :
                                       :
          v.                           :
                                       :
Kevin Ransom, Dr. Scott Prince,        :    No. 1812 C.D. 2024
and Lea Martin                         :    Submitted: April 13, 2026

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                            FILED: June 1, 2026


          Edgar Martinez (Martinez), *pro se*, appeals from a September 10, 2024

Order of the Court of Common Pleas of Luzerne County (Trial Court) that granted

Appellee Dr. Scott Prince's (Prince) motion to enter judgment of *non pros*. The

order also denied (1) Martinez's petition to open the judgment of *non pros* of Lea

Martin (Martin), (2) Martinez's motion to strike Martin's entry of judgment of *non

pros*, and (3) Martinez's motion Seeking a Determination as to the Necessity of

Filing a Certificate of Merit (COM). Martinez argues that the Trial Court abused its

discretion in denying his motions and that he was entitled to court-appointed

counsel. After thorough review, we affirm the order of the Trial Court.


                            **I. Background**

          At all times relevant to the instant matter, Martinez has been

incarcerated at the State Correctional Institution at Dallas (SCI-Dallas). *See*

*generally* Original Record (O.R.), Item #1 at 1-3. While Martinez has suffered from back-related medical issues for 16 years, the acute medical problems that underlie the instant litigation began in 2019. *Id.* at 2. Between 2019 and 2020,[1] Martinez began having pain in his lower stomach and flank. *Id.* Prince initially assessed Martinez's condition via CT scan, then ordered an x-ray of Martinez's kidneys, ureter, and bladder. *Id.* at 2 & 19. The x-ray was reviewed by a medical practitioner and was "essentially normal."[2] *Id.* at 19. Because "nothing significant was found," Prince did not follow up with Martinez about the x-ray results. *Id.* On April 12, 2020, Martinez filed a Grievance and requested monetary relief of $1,000,000, alleging that Prince was negligent by failing to contact Martinez with x-ray results and by failing to prescribe pain killers. *Id.* at 18 & 20. Martin was assigned as the grievance coordinator for review of Martinez's grievance. *See id.* at 19. She determined that the Grievance was unfounded because "[n]ormal . . . x-ray results do not require follow up,"[3] and her decision was affirmed by Appellee Kevin Ransom (Ransom), Superintendent of SCI-Dallas. *Id.* at 19 & 22.

---

[1] Martinez also filed an unrelated Grievance and appeal in 2018 when he was treated by Prince for stomach pain and allergies. *See* O.R., Item #1 at 10. Martinez argued that Prince was negligent in treating an alleged hernia and that Prince subjected Martinez to a "lackadaisical and obnoxious attitude." *Id.* Martin was assigned as Martinez's Grievance Officer and noted that no hernia was ever found. *Id.* at 12. His Grievance and subsequent appeal were thereby determined unfounded. *Id.* at 15-16.

[2] The CT scan results are not of record, aside from Martinez's allegation that kidney stones were found. *See* O.R., Item #1 at 2. However, no separate testimony or record confirms this diagnosis.

[3] Martinez did have a follow up with a provider for abnormal labs on April 10, 2020. O.R., Item #1 at 19.

On August 26, 2020, Martinez initiated a medical professional liability action in the Trial Court against Prince, Martin, and Ransom,[4] requesting monetary relief "in excess of 1,000,000,000.00 dollars plus interest."[5]  O.R., Item #1 at 1 & 5-7.  Martinez also asserted a Section 1983, 42 U.S.C. § 1983, claim for a violation of the Eighth Amendment of the United States Constitution alleging deliberate indifference to serious medical needs.[6]  *Id.* at 6.  He maintained in this claim that Ransom and Martin had personal knowledge of Prince's alleged "deliberate indifference" and were liable under *respondeat superior*.  *Id.* at 5-6.  Martinez filed two defective COMs in his medical malpractice claims against Prince and Martin,[7] affirming that an appropriate licensed professional had supplied him with a written statement affirming that there was a basis to conclude that Prince and Martin exhibited care, skill, or knowledge outside of the acceptable professional standards and that such care was a cause of Martinez's harm.  O.R., Item #8 at 1; O.R., Item #9 at 1.  However, Martinez failed to file the requisite accompanying written statements from an appropriate licensed professional.  *See* O.R., Item #97 at 5.

Ransom, the prison superintendent, subsequently filed a Notice of Removal in the United States District Court for the Middle District of Pennsylvania (Middle District Court).  *See* O.R., Item #13 at 1.  The Middle District Court granted Ransom's, Martin's, and Prince's motions for summary judgment on Martinez's

---

[4] Appellees are referenced separately due to the separate claims against each individual.

[5] Along with his complaint, Martinez filed an application to proceed *in forma pauperis*, which was granted by the Trial Court.  O.R., Item #3 at 1; O.R., Item #10, at 1.

[6] The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.

[7] While a grievance officer is not a licensed professional, institutional entities may be responsible for the conduct of licensed professionals.  *See* Pa.R.Civ.P. 1042.1(a)(2).

Section 1983 claims and remanded the matter to the Trial Court as to Martinez's state law medical malpractice claims against both Martin and Prince.[8] O.R., Item #16 at 2. Martinez did not appeal the Middle District Court's Order. *See generally id.* at 3-7. As will be discussed below, this effectively ended Ransom's part in this litigation.

On April 25, 2024, Martin filed a Notice of Intention to Enter a Judgment of *Non Pros* with the Trial Court due to Martinez's failure to file a written statement from an appropriate licensed professional in support of his medical malpractice claims. O.R., Item #34 at 1; *see* Pa.R.Civ.P. 1042.3(e). The Trial Court scheduled a hearing on the matter, and Martinez filed a series of motions. He filed motions for both appointment of counsel and an interpreter to assist him at the hearing. O.R., Item #38 at 1-2; O.R., Item #39 at 1. He moved to strike his defective COM as to Martin and filed a motion seeking a Determination as to the Necessity of Filing a COM. O.R., Item #41 at 1; O.R., Item #52 at 1. Martinez also followed up with a new COM that attested "[e]xpert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against [Martin]." O.R., Item #42 at 1. Finally, he filed a motion to extend the time for filing a COM *nunc pro tunc*. O.R., Item #51 at 1. The Trial Court denied Martinez's motion for appointment of counsel but granted his request for an interpreter. O.R., Item #46 at 1; O.R., Item #48 at 1. The Trial Court determined that all other motions would be heard during a hearing on July 18, 2024. O.R., Item #54 at 1. Martinez subsequently

---

[8] The Middle District Court also emphasized that Martinez failed to exhaust his administrative remedies against Ransom due to Martinez's failure to identify Ransom in any of Martinez's grievances as committing an act or omission that potentially violated the Eighth Amendment, U.S. Const. amend. VIII. *See Martinez v. Ransom* (U.S. Dist., No. 1:20-CV-1826, filed January 19, 2022).

4

filed for reconsideration of his motion for appointment of counsel. O.R., Item #50 at 1.

On July 17, 2024, Prince also filed a Notice of Intention to Enter Judgment of *Non Pros*. O.R., Item #59 at 1. The Trial Court denied all of Martinez's aforementioned motions on July 24, 2024 after its July 18, 2024 hearing on the motions.[9] O.R., Item #62 at 1. As a result, Martin filed a praecipe for entry of judgment of *non pros*, which Martinez timely petitioned to open. O.R., Item #66 at 1; O.R., Item #68 at 1. On September 6, 2024, the Trial Court held another hearing on the parties' motions and Prince made an oral motion for judgment of *non pros*. O.R., Item #97 at 1 & 6. During the hearing, Martinez testified through a Spanish interpreter and attested that he did not have access to any statements by appropriate licensed professionals. *See id.* at 4-6. The Trial Court also noted that most of the medical documents Martinez sought to rely on were absent from the record.[10] *Id.* at 5-6

On September 10, 2024, the Trial Court granted Martin's and Prince's motions for judgments of *non pros* and denied Martinez's petition to open the judgment of *non pros* in favor of Martin. O.R., Item #74 at 1. Martinez thereafter filed a notice of appeal with this Court. O.R., Item #77 at 1.

---

[9] A transcript of the July 18, 2024 hearing is not in the record.

[10] Such medical reports were of record and were discussed in *Martinez v. Ransom* (U.S. Dist., No. 1:20-CV-1826, filed January 19, 2022).

## II. Issues

Before this Court,[11] Martinez argues that the Trial Court abused its discretion. Martinez's Br. at 8. Specifically, Martinez maintains that Ransom, the prison superintendent, should not have been dismissed from the Trial Court action because Martinez "established *respondeat superior* liability." *Id.* He also avers that judgment was improperly entered in favor of Prince and Martin on their individual motions for judgments of *non pros*. *Id.* at 10. Finally, Martinez asserts that he was entitled to court-appointed counsel due to his "very low I.Q. [sic]" and his inability to "speak, write, [or] read" English. *Id.* at 14.

In a joint brief, Ransom and Martin argue that Ransom is an improper party to the action because the only remanded claims were asserted against Martin and Prince. Ransom's & Martin's Br. at 14. Further, the joint brief argues that the Trial Court exercised appropriate discretion when denying Martinez's Petition to Open the Judgment of *Non Pros* entered in favor of Martin. *Id.* at 17.

Prince asserts that Martinez waived his right to appeal the entry of the judgment of *non pros* due to Martinez's failure to file a petition to open the judgment of *non pros* entered in favor of Prince.[12] Prince's Br. at 14. Finally, all Appellees similarly argue in both briefs that Martinez was not entitled to court-appointed counsel in a civil action that does not involve any potential loss of liberty. *Id.* at 20; Ransom's & Martin's Br. at 17. We first address each appellee in turn due to the individual issues argued as to each appellee.

---

[11] This Court's standard of review where a party challenges a trial court's dismissal based on *non pros* is limited to considering whether the trial court abused its discretion. *Glenn v. Mataloni*, 949 A.2d 966, 967 n.2 (Pa. Cmwlth. 2008) (citing *Skylar v. Harleysville Ins. Co.*, 587 A.2d 1386, 1387 (Pa. 1991)).

[12] As noted previously, Martinez filed a petition to open only the judgment of *non pros* entered in favor of Martin. *See* O.R., Item # 67 at 1; O.R., Item #68 at 1.

## III. Discussion

## A. Ransom

The only claims currently before this Court are the issues arising out of the state law medical malpractice claims against Martin and Prince; the Section 1983 claims against Ransom were fully disposed of by the Middle District Court in *Martinez v. Ransom* (U.S. Dist.., No. 1:20-CV-1826, filed January 19, 2022). When a case is removed to federal court, the federal court "acquires total, exclusive jurisdiction over the litigation." *Fessler v. Hannagan*, 601 A.2d 462, 465 (Pa. Cmwlth. 1991) (quoting *Crummie v. Dayton-Hudson Corp.*, 611 F.Supp. 692, 693 (E.D. Mich. 1985)). Such exclusive jurisdiction extends to appeals that challenge the federal district court's decisions. *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1209 n.1 (10th Cir. Ct. App. 2000) (noting that federal appeals courts retain jurisdiction to review district court orders dismissing federal claims where the district court subsequently exercises its discretion to remand state law claims to state court). In turn, when a matter is remanded from the federal court, state courts have jurisdiction only as to the matters specific in the federal court's order. *See* 28 U.S.C. § 1446(d); *see also In re Stevenson*, 40 A.3d 1212, 1222 (Pa. 2012) (explaining that "judgments of the federal courts are owed their due force and full effect in state courts"). Thus, "it is axiomatic that fully litigated, final judgments are given preclusive effect." *In re Stevenson*, 40 A.3d at 1222.

Here, the only claim Martinez asserts against Ransom is the Section 1983 claim which was fully disposed of by the Middle District Court following removal. *See* Martinez's Br. at 9. The Middle District Court granted Ransom's motion for summary judgment on Martinez's Section 1983 claim and Martinez did not appeal the determination. *See generally* O.R., Item #16 at 3-7. As such, the final

judgment must be given a preclusive effect and cannot be re-litigated before this Court. *In re Stevenson*, 40 A.3d at 1222. Because no state law claims are asserted against Ransom, he is not a proper party to the current action.

### B. Prince

Pennsylvania courts have consistently held that "an order of the trial court entering a judgment of *non pros* [is] a nonappealable interlocutory order." *E.O.J., Inc. v. Tax Claim Bureau*, 721 A.2d 79, 81 (Pa. Cmwlth. 1998). Rule 3051(a) of the Pennsylvania Rules of Civil Procedure states that "[r]elief from a judgment of *non pros* **shall** be sought by petition." Pa.R.Civ.P. 3051(a) (emphasis and additional italics added). "All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition." *Id.* Thus, any appeal related to such a judgment must lie from the denial of a petition to open or strike, not from the judgment of *non pros* itself. *See Bartolomeo v. Marshall*, 69 A.3d 610, 613-14 (Pa. Super. 2013).[13] Failure to file a Rule 3051 petition mandates waiver of all substantive claims that would have been raised therein. *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 (Pa. 2001) (citing Pa.R.A.P. 302).

Here, the Trial Court entered judgments of *non pros* in favor of both Prince and Martin. O.R., Item #67 at 1; O.R., Item #74 at 1. However, Martinez filed a petition to open the judgment only as to the judgment of *non pros* entered in favor of Martin. *See* O.R., Item #68 at 1; *see also* Docket. Because Martinez failed to petition to open the judgment of *non pros* entered in favor of Prince, the issue of

---

[13] *See Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018) (permitting citation of Superior Court cases as persuasive authority where they address analogous issues).

8

error concerning the judgment and any substantive claims therein are waived on appeal. *See Sahutsky*, 782 A.2d at 1001.

## C. Martin

A petition to open a judgment is "addressed to a court's equitable powers, and the exercise of those powers will not be disturbed on appeal in the absence of an abuse of discretion." *Hutchison v. Hutchison*, 422 A.2d 501, 503-04 (Pa. 1980). A trial court may open a judgment of *non pros* only where the petition to open the judgment alleges facts showing that "(1) the petition [was] timely filed, (2) there [was] a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment of *non pros*, and (3) there is a meritorious cause of action." Pa.R.Civ.P. 3051(b) (italics added). In Martinez's attack upon the Trial Court's denial of his petition to open the judgment of *non pros*, he alleges that the Trial Court "erred in failing to open and/or strike the judgment of *non pros* because there was a pending motion for extension of time to file [a COM]." Martinez's Br. at 11 (italics added). This argument lacks merit, as Martinez's petition fails to meet factors (2) and (3) under Rule 3051(b), Pa.R.Civ.P. 3051(b).

Rule 1042.1 of the Pennsylvania Rules of Civil Procedure governs civil actions "in which a professional liability claim is asserted by or on behalf of a patient or client[.]" Pa.R.Civ.P. 1042.1(a). Such claims may be asserted against a licensed professional, or an "entity where the entity is responsible for a licensed professional who deviated from an accepted professional standard."[14] *Id.* 1042(a)(1)-(2). Rule

---

[14] By virtue of the institutional grievance process which involves evaluating standards of care, Martin is an entity responsible for the conduct of Prince, a licensed professional. The Middle District opinion also briefly addressed the nature of Martinez's state medical malpractice claims against both Martin and Prince and noted that the COMs were appropriately filed for both parties

9

1042.3(a) requires a party to file a signed COM with any complaint that alleges a licensed professional deviated from an acceptable professional standard. Pa.R.Civ.P. 1042.3(a). However,

> [i]f a [COM] is not signed by an attorney, ***the party signing the [COM] shall, in addition to the other requirements of this rule, attach to the [COM] the written statement from an appropriate licensed professional*** . . . . If the written statement is not attached to the [COM], a defendant seeking to enter a judgment of *non pros* shall file a written notice of intent to enter a judgment of *non pros* for failure to file a written statement under Rule 1042.11.

*Id.* at 1042.3(e) (emphasis and additional italics added). The referenced Rule 1042.11 provides that a defendant seeking to enter a judgment of *non pros* under Rule 1042.12[15] shall file a notice of intent to enter such judgment for failure to file

---

as required by Rule 1042.3(a), Pa.R.Civ.P. 1042.3(a). *Martinez v. Ransom* (U.S. Dist.., No. 1:20-CV-1826, filed January 19, 2022). Thus, the Middle District ordered that the medical malpractice claims be addressed as to both Martin and Prince on remand. O.R., Item #16 at 2.

[15] Rule 1042.12 provides that

> (a) The prothonotary, on praecipe of the defendant, shall enter a judgment of *non pros* against the plaintiff for failure to file a written statement under Rule 1042.3(e) provided that
>
> (1) no written statement has been filed,
>
> (2) the defendant has attached to the praecipe a certificate of service of the notice of intention to enter the judgment of *non pros*, and
>
> (3) the praecipe is filed no less than thirty days after the date of the filing of the notice of intention to enter judgment of *non pros*.

a written statement from an appropriate licensed professional with the COM. *Id.* at 1042.11(a). An appropriate licensed professional is an individual who has "qualifications such that the trial court would find them sufficient to allow that expert to testify at trial." *Id.* at 1042.3(a)(1), Note; *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 410-11 (Pa. 2021). The statement must be able to demonstrate fault of a defendant under theories of either direct or vicarious liability. *Bisher*, 265 A.3d at 410-11.

Here, there is no dispute that Martin filed a Notice of Intent to Enter a Judgment of *Non Pros* upon Martinez's failure to provide a written statement from an appropriate licensed professional in association with his medical malpractice claim. O.R., Item #34 at 1. Because Martinez was acting *pro se*, he was required to provide a written statement from an appropriate licensed professional. Pa.R.Civ.P. 1042.3(e). Martinez has not offered any reasonable explanation or legitimate excuse for his failure to obtain such a statement. *See id.* at 3051(b)(2). Instead, Martinez merely attested via his COM that a statement from an appropriate licensed professional existed; then, he attempted to equate medical records to the requisite written statement. O.R., Item #8 at 1; *see* O.R., Item #97 at 4-6. Medical records alone cannot demonstrate causation and fault of an individual. *See Brannan v. Lankenau Hosp.*, 417 A.2d 196, 199-200 (Pa. 1980) (noting that expert testimony is required due to the inability of jurors "to determine relationships among scientific factual circumstances" absent expert guidance). Thus, Martinez failed to provide the requisite written statement over the course of a four-year litigation period, nor did he provide a meritorious explanation as to why he did not have one.

---

Pa.R.Civ.P. 1042.12 (italics added).

11

We observe that expert testimony is not required in the limited circumstances in which "the medical and factual issues are presented as such that a lay juror could recognize negligence just as well as any expert." *Fessenden v. Robert Packer Hosp.*, 97 A.3d 1225, 1230 (Pa. Super. 2014)  Here, Martinez presents no meritorious cause of action.  *See* Pa.R.Civ.P. 3051(b)(3).  While he argues that no expert testimony is necessary, the record is devoid of evidence demonstrating obvious negligence.  The record does not contain any medical records confirming Martinez's alleged diagnoses.  Instead, the record contains several grievance reports demonstrating thorough review of Martinez's allegations.  *See* O.R., Item #1 at 19 & 22.  As such, expert testimony was necessary to prove that Martin was negligent in evaluating an existing condition, and the trial court properly denied Martinez's petition to open the judgment of *non pros* due to the nonexistence of a written statement from an appropriate licensed professional.[16]

**D. Right to Court-Appointed Counsel**

Under Section 2501(a) of Pennsylvania's Judicial Code, "every litigant shall have a right to be heard, by himself and his counsel, or by either of them" in all civil matters before any tribunal.  42 Pa.C.S. § 2501(a).  However, this Court has emphasized that while an individual has a right to be represented by counsel in a civil proceeding, this right "cannot be equated with the right to receive court-appointed counsel." *Commonwealth v. 2338 N. Beechwood St. Phila.*, 134 A.3d 507,

---

[16] This Court declines to address Martinez's argument as to the premature filing of Martin's praecipe for judgment of *non pros*.  Martinez argues that the July 24, 2024 order of the Trial Court gave him until August 16, 2024, to file a written statement from an appropriate licensed professional.  Martinez's Br. at 13.  However, the Trial Court expressly stated that this deadline was exclusive to the claims against Prince, whose Notice of Intention to Enter a Judgment of *Non Pros* was filed on July 17, 2024.  O.R., Item #62 at 2.

514 (Pa. Cmwlth. 2016) (quoting *Weir v. Weir*, 631 A.2d 650, 657 (Pa. Super. 1993)).

The Due Process Clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, may require court-appointed counsel in civil matters only in very limited circumstances. *Commonwealth v. 9,847.00 U.S. Currency*, 704 A.2d 612, 615 (Pa. 1997). In *Mathews v. Eldrige*, 424 U.S. 319, 335 (1976), the United States Supreme Court set forth the following factors which must be weighed to determine whether a right to court-appointed counsel exists in a civil matter: (1) the private interest at stake; (2) the government interest at stake; and (3) the likelihood of an erroneous decision. However, such factors must be balanced against the heavy "presumption . . . that 'an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty.'" *9,847.00 U.S. Currency*, 704 A.2d at 615 (quoting *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26 (1981)). An individual is deprived of his physical liberty when he is subjected to the control of another which thereby restricts his freedom of movement, whether or not it culminates in criminal charges being filed or a resulting conviction.[17] *Commonwealth v. Miles*, 304 A.2d 704, 707 (Pa. Cmwlth. 1973).

Here, the sole private interest at stake is monetary relief "in excess of 1,000,000,000.00 dollars plus interest." *See* O.R., Item #1 at 5-7. Such interest, by definition, is not a restraint on Martinez's physical liberty. *See Miles*, 304 A.2d at 707. Moreover, this Court has repeatedly determined that a financial interest is "a property interest which commands a lower level of due process protection." *Harris v. Pa. Dep't of Corr.*, 714 A.2d 492, 495 (Pa. Cmwlth. 1998); *see also Mason v. Pa.*

---

[17] For example, in *Lassiter*, 452 U.S. 18, 31-32, the United States Supreme Court found that court-appointed counsel may be considered on a case-by-case basis in paternity termination proceedings that risk "criminal liability inherent in some termination proceedings."

13

*Dep't of Corr.*, 886 A.2d 724, 717 n.5 (Pa. Cmwlth. 2005) (noting that appointment of counsel was not required for an indigent inmate where the interest at stake was financial); *Caldwell v. Dep't of Corr. Agency* (Pa. Cmwlth., No. 634 C.D. 2014, filed November 17, 2014) (determining that indigent inmate was not entitled to counsel where the interest at stake was 74 million dollars in property damages).[18]  Because Martinez's sole interest is monetary relief, we discern no life or liberty interests at stake.  As such, Martinez cannot overcome the heavy presumption that an indigent litigant is entitled to appointed counsel only when his physical liberty is at stake. *See 9,847.00 U.S. Currency*, 704 A.2d at 615.  Accordingly, the Trial Court properly denied Martinez's motion for appointment of counsel.[19]

## IV. Conclusion

Based on the foregoing discussion, the September 10, 2024 order of the Trial Court is affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[18] Under Section 69.414(a) of the Commonwealth Court's Internal Operating Procedure, unreported decisions of the Commonwealth Court issued after January 15, 2008, may be cited for their persuasive value.  210 Pa. Code § 69.414(a).

[19] Briefly, we note that the final two *Mathews*, 424 U.S. at 335, factors need not be addressed if the private interest at stake is not one which encroaches on an individual's physical liberties.  *See Lassiter*, 452 U.S. at 31.  While Martinez argues that the Trial Court should have appointed counsel due to his inability to speak, write, and read English, the Superior Court has determined that such variables are only relevant in cases where physical liberty and parentage rights are at stake.  *See Corra v. Coll*, 451 A.2d 480, 487 (Pa. Super. 1982).  Because Martinez's private interest was solely financial, and the Trial Court provided him with an interpreter upon request he was not entitled to court-appointed counsel.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edgar Martinez,      :
     Appellant  :
          :
    v.      :
          :
Kevin Ransom, Dr. Scott Prince, :  No. 1812 C.D. 2024
and Lea Martin      :

# **O R D E R**

AND NOW, this 1st day of June, 2026, the September 10, 2024 Order of the Court of Common Pleas of Luzerne County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge