Argued and submitted January 28, affirmed May 13, 2009

Lorine G. MILLER
and David A. Miller,
*Plaintiffs-Appellants,*

*v.*

EQUIFAX, INC.,
*Defendant,*

*and*

CONSOLIDATED CREDIT SERVICES, INC.,
*Defendant-Respondent.*

Columbia County Circuit Court
022393; A135954

208 P3d 498

James D. Huffman argued the cause for appellants. With him on the briefs was Huffman & O'Hanlon.

Jeffrey I. Hasson argued the cause for respondent. With him on the brief was Davenport & Hasson, LLP.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

## ORTEGA, J.

Plaintiffs appeal from a judgment in favor of defendant Consolidated Credit Services, Inc. ("Consolidated"). Concluding that it lacked jurisdiction because the case had been removed to federal court and never remanded, the trial court entered a judgment dismissing plaintiffs' claims. We affirm.

The pertinent facts are, for the most part, procedural. In October 2002, plaintiffs filed a complaint in Columbia County Circuit Court against defendant Equifax, Inc., alleging claims under federal and state debt collection practices statutes and for libel and slander. The case number assigned was 02-2393. Equifax removed the case to federal district court. The district court later dismissed the case without prejudice, pursuant to a stipulation of the parties (that is, between plaintiffs and Equifax). *See* FRCP 41(a)(1)(A)(ii) (providing that, subject to certain rules, a plaintiff may voluntarily dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared).

Shortly after that dismissal, plaintiffs filed an amended complaint in case number 02-2393 in Columbia County. In the amended complaint, plaintiffs asserted claims for unlawful debt collection practices and for defamation against Consolidated; in the caption of the amended complaint, plaintiffs named Consolidated and omitted Equifax. Later, plaintiffs amended their complaint and also asserted a claim for malicious prosecution of a civil action.

As pertinent here, Consolidated contended that the state court lacked jurisdiction because the case had never been remanded from federal court. The trial court agreed and entered judgment accordingly. Plaintiffs appeal.[1]

■ Plaintiffs contend that the removal to federal court does not prevent their pursuit of their present claims against Consolidated. According to plaintiffs, those claims "are different claims than those filed against Equifax, although both

---

[1] Because we conclude that the trial court correctly determined the issue of jurisdiction, we do not reach plaintiffs' other assignment of error, concerning the dismissal of their defamation claim.

cases involved the reporting of the same false debt." Plaintiffs posit that their claims against Consolidated constituted a new action, distinct from their action against Equifax, and that the cases are not the same "merely because both causes were assigned the same case number."[2] We disagree.

We begin with the federal law concerning removal of cases from a state court to a federal court. Under proper circumstances, a defendant may remove an action that could have been brought in federal court. 28 USC § 1441. The filing of a notice of removal effects removal and deprives the state court of jurisdiction:

> "Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and *the State court shall proceed no further unless and until the case is remanded.*"

28 USC § 1446(d) (emphasis added).

Here, case number 02-2393 was removed to federal court by Equifax, the only defendant who had been served and against whom claims had been asserted at that time. After the federal court's dismissal of plaintiffs' claims against Equifax, plaintiffs presumably could have filed a new action in state court. *See, e.g., Wilson v. City of San Jose*, 111 F3d 688, 694 (9th Cir 1997) (explaining that a plaintiff may voluntarily dismiss an action that was removed to federal court in order to start a new, nonremovable action in state court).

Plaintiffs, however, did not pursue that approach. Instead of commencing a new action, plaintiffs amended their pleading in an existing action, despite that action's earlier removal to federal district court. An action is commenced by filing a complaint with the clerk of the court. ORCP 3; *see also* ORS 21.110(1) (providing that, subject to exceptions, "at the time of filing in the circuit court of any civil action, suit or proceeding, including appeals, the clerk of the circuit court

---

[2] Plaintiffs also contend that a federal court could not enjoin this action in state court, because there is no longer any federal jurisdiction to protect in the action. Whether an injunction would be an available remedy, however, is not the issue before us; rather, we must determine whether an Oregon court has jurisdiction in this action.

shall collect from the plaintiff, appellant or moving party the sum of $107 as a flat and uniform filing fee"). An amended complaint supersedes the earlier complaint. *Kowalski v. Hereford L'Oasis*, 190 Or App 236, 243, 79 P3d 319 (2003), *rev den*, 336 Or 597 (2004). Superseding an existing complaint simply is not the same as commencing a new action. *See, e.g.*, ORCP 23 C (providing for relation back of amended complaints).

■ Instead of filing a new action, plaintiffs chose to raise their claims against Consolidated in the same action that Equifax had removed. After removal, however, a state court has no jurisdiction over the removed action. *See, e.g., Fox Valley AMC/Jeep, Inc. v. AM Credit Corp.*, 836 F2d 366, 367 (7th Cir 1988) (observing that a motion to add another defendant, made in state court after removal was effected, "would have come too late since by then the state court had lost jurisdiction"). Because this action was removed to and never remanded from the federal district court, the trial court was correct to conclude that it lacked jurisdiction. *See Allstate Ins. Co. v. Preston*, 842 F Supp 1441 (SD Fla 1992) (concluding that state court lacked jurisdiction over an action that had been removed and then dismissed without prejudice but not remanded; denying, however, injunctive relief to prevent further litigation in state court); *Allstate Ins. Co. v. Superior Court*, 132 Cal App 3d 670, 675-76, 183 Cal Rptr 330, 333 (1982) (where the plaintiff voluntarily dismissed without prejudice an action that had been removed to federal court, the plaintiff could not resume litigation of that action in state court).

Affirmed.