J-A17017-19

2020 PA Super 11

| | | |
|---|---|---|
| KENNETH LYNN, CHARLIE AGNEW, AND MARGARET KNAPP, ON BEHALF OF THEMSELVES | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARIA HEALTH SYSTEM, ARIA HEALTH, ROY A. POWELL, AND MICHAEL E. PEPE | : | No. 3741 EDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order May 15, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2009 No. 004104

| | | |
|---|---|---|
| KENNETH LYNN, ACADIA WILCOX, LORETTA MCDONNEL AND GERARDINA ILARIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEFFERSON HEALTH SYSTEM, INC., THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC., MAGEE REHABILITATION HOSPITAL, MAIN LINE HEALTH, INC., ALBERT EINSTEIN HEALTHCARE NETWORK, AND ARIA HEALTH SYSTEM | : | No. 3742 EDA 2017 |
| | : | |
| Appellants | : | |

Appeal from the Order May 15, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 004107 Nov. Term 2009

| | | |
|---|---|---|
| KENNETH LYNN, ACADIA WILCOX, LORETTA MCDONNELL, AND GERARDINA ILARIA, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-A17017-19

                                      :
                                      :
                                      :
              v.                      :
                                      :      No. 3743 EDA 2017
                                      :
JEFFERSON HEALTH SYSTEM, INC.,        :
THOMAS JEFFERSON UNIVERSITY           :
HOSPITALS, INC., MAGEE                :
REHABILITATION HOSPITAL, MAIN         :
LINE HEALTH INC., ALBERT              :
EINSTEIN HEALTHCARE NETWORK,          :
AND ARIA HEALTH SYSTEM                :
                                      :
                                      :
                                      :
APPEAL OF: ALBERT EINSTEIN            :
HEALTHCARE NETWORK                    :

                Appeal from the Order May 15, 2017
        In the Court of Common Pleas of Philadelphia County Civil Division at
                No(s):  November Term, 2009 No. 004107

JOHN DUNCHESKIE, DIANE READ,          :      IN THE SUPERIOR COURT OF
THELMA HARRIS AND ELEANOR             :            PENNSYLVANIA
JACKSON, ON BEHALF OF                 :
THEMSELVES AND OTHERS                 :
SIMILARLY SITUATED                    :
                                      :
                                      :
              v.                      :
                                      :
                                      :      No. 3744 EDA 2017
                                      :
TEMPLE UNIVERSITY HEALTH              :
SYSTEM, INC., TEMPLE UNIVERSITY       :
HOSPITAL INC., EPISCOPAL              :
HOSPITAL, JEANES HOSPITAL,            :
TEMPLE UNIVERSITY CHILDREN'S          :
MEDICAL CENTER, EDMOND                :
NOTEBAERT, AND ROBERT                 :
BIRNBRAUER                            :
                                      :
                Appellants            :

                Appeal from the Order May 15, 2017

- 2 -

In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2009 No. 004110

| | | |
|---|---|---|
| CASSANDRA RUFF AND KESHA CARDWELL, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| | : | No. 3745 EDA 2017 |
| ALBERT EINSTEIN HEALTHCARE NETWORK AND ALBERT EINSTEIN MEDICAL CENTER | : : : : : | |
| Appellants | : | |

Appeal from the Order May 15, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2009 No. 004111

| | | |
|---|---|---|
| COLLETTE DAVIS, ERICA WILLIAMS, KEVIN KELLER, AND CHARLENE MURDOCH, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| | : | No. 3746 EDA 2017 |
| ABINGTON MEMORIAL HOSPITAL, ABINGTON MEMORIAL HEALTH CARE CORPORATION, LANSDALE HOSPITAL CORPORATION, RICHARD L. JONES, JR., AND MEGHAN PATTON | : : : : : : : : | |
| Appellants | : | |

Appeal from the Order May 15, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): November Term, 2009 No. 004106

J-A17017-19

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

OPINION BY OLSON, J.:                           **FILED JANUARY 22, 2020**

Appellants, Aria Health System, *et al.*, appeal from the trial court's May 15, 2017 orders, which granted the "Motion to Reinstate the Third Amended Complaint Pursuant to 42 Pa.C.S.A. § 5103(b)" filed by plaintiffs, Kenneth Lynn, *et al.* (hereinafter "Plaintiffs").[1]  We vacate and remand.

The United States Court of Appeals for the Third Circuit ("Third Circuit") summarized the facts and procedural posture of this case, as they existed at the time the United States District Court for the Eastern District of Pennsylvania dismissed Plaintiffs' Third Amended Complaint.  The Third Circuit explained:

> The five cases on appeal are among several similar actions brought by a single law firm alleging systemic underpayment in the healthcare industry.  The parties are nurses and other patient-care professionals, on behalf of a putative class, and their alleged employers.  Allegedly, [Appellants] maintained three unlawful timekeeping and pay policies (collectively, the "Policies").  First, under the "Meal Break Deduction Policy," [Appellants'] timekeeping system automatically deducted [30] minutes of pay daily for meal breaks without ensuring that the employees actually received a break.  Second, under the "Unpaid Pre- and Post–Schedule Work Policy," [Appellants] prohibited employees from recording time worked outside of their scheduled shifts.  Third, under the "Unpaid Training Policy," [Appellants] did not pay employees

---

[1] This appeal is composed of five cases and six numbered appeals.  In this opinion, we consider the six consolidated appeals together, as the parties' filings, the court orders, and the procedural posture in the cases and the appeals are substantively identical.  Therefore, in this opinion, reference to one record, court order, or court opinion encompasses all five cases and all six numbered appeals.

- 4 -

for time spent at "compensable" training sessions. Because of the Policies, [Plaintiffs] allege that they "regularly worked hours both under and in excess of [40] per week and were not paid for all of those hours."

In November 2009, [Plaintiffs] filed parallel complaints in the United States District Court for the Eastern District of Pennsylvania against [Appellants], asserting violations of the [Fair Labor Standards Act ("FLSA")], 29 U.S.C. §§ 201, *et seq.*; the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*[fn.4]; and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, *et seq.* Less than one week later, the same individual plaintiffs filed suit in the Court of Common Pleas of Philadelphia County, alleging that the Policies violated the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 [P.S.] §§ 260.[1], *et seq.*; the Pennsylvania Minimum Wage Act ("PMWA"), 43 [P.S.] §§ 333.101, *et seq.*; and Pennsylvania common law. [In the case of **Davis v. Abington Memorial Hospital**, the plaintiffs' federal complaint was docketed at Case No. 09-5520 (hereinafter "the 2009 Federal Court Docket") and the plaintiffs' court of common pleas complaint was docketed at No. 09-11-4106 (hereinafter "the 2009 Court of Common Pleas Docket")].

> [fn.4] [Plaintiffs'] ERISA claims were: failure to keep accurate records sufficient to determine benefits in violation of ERISA's recordkeeping provision under 29 U.S.C. § 1059(a)(1) (ERISA § 209(a)(1)); and breach of fiduciary duty under 29 U.S.C. § 1104(a)(1) (ERISA § 404(a)(1)).

[Appellants] timely removed [the] . . . state court actions to federal court, on the basis that several of the claims were completely preempted by ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1), and supplemental jurisdiction existed over the remaining claims because they formed part of the same case or controversy. The Jefferson Health and Albert Einstein defendants additionally argued that the plaintiffs' PWPCL and breach of contract claims were completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The District Court denied [Plaintiffs'] motions to remand on September 15, 2010, holding that ERISA preempted the state claims "in full" and LMRA § 301

completely preempted [Plaintiffs'] PWPCL and breach of contract claims.  In the same order, the [District C]ourt consolidated each of the state cases with its federal counterpart and directed [Plaintiffs] to file consolidated complaints.

[Plaintiffs] filed amended complaints on October 15, 2010, averring, as before, that [Appellants]:  denied them overtime in violation of the FLSA; failed to keep accurate records and breached their fiduciary duties in violation of ERISA; and, in so doing, violated RICO.  The amended complaints also reasserted all of the state law claims. The District Court granted [Appellants'] joint motions to dismiss in a consolidated opinion.  It found that the amended complaints did not plausibly allege that [Appellants] were [Plaintiffs'] employers and thus failed to state claims under the FLSA or ERISA.  It also dismissed the RICO claims, on the ground that the complaints did not adequately allege the predicate act of mail fraud.  Further, it "decline[d] to exercise supplemental jurisdiction" over the state law claims.  The [District Court] granted [Plaintiffs] leave to amend, but cautioned them to "remedy the gaping deficiencies" observed by it and other district courts that have dismissed substantially similar complaints.  In particular, [Plaintiffs] were instructed to "clari[fy]" whether they were also seeking gap time wages.

After [Plaintiffs] filed a second amended complaint in each case, the parties stipulated to the filing of third amended complaints.  The third amended complaints, which were filed on February 10, 2012, abandoned the ERISA and RICO claims and instead sought relief solely under the FLSA and Pennsylvania law.  [Appellants] moved to dismiss, and the District Court granted their motions in another consolidated opinion.  [On August 7, 2012, the District Court] dismissed [Plaintiffs'] FLSA claims with prejudice on the grounds that they failed to plausibly allege employer-employee relationships between [Plaintiffs] and [Appellants] or that any of the named plaintiffs had worked overtime and were not compensated.  The [District C]ourt again "decline[d] to exercise supplemental jurisdiction" over the remaining state law claims[.  The District Court's August 7, 2012 order reads in full:

- 6 -

AND NOW, this 7th day of August 2012, upon consideration of [Appellants'] Motion to Dismiss the Third Amended Complaint, Plaintiffs' response in opposition thereto, and [Appellants'] reply, and for the reasons stated in the opinion filed this day, it is hereby ORDERED that the Motions are GRANTED as follows:

1. Plaintiffs' federal claims are DISMISSED with prejudice.

2. The [District] Court declines to exercise supplemental jurisdiction over the remaining state-law claims which are DISMISSED without prejudice to the reassertion of these claims in state court to the extent Plaintiffs can do so consistent with the [District] Court's prior rulings.

The Clerk of Court is directed to CLOSE this case.

It is so ORDERED.

District Court Order, 8/7/12, at 1 (emphasis, citations, and some capitalization omitted)].

*Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 238-240 (3rd Cir. 2014) (some citations and footnotes omitted).

The District Court did not remand the case to the court of common pleas. *See* District Court Order, 8/7/12, at 1.

On October 17, 2012, Plaintiffs filed, in the Court of Common Pleas of Philadelphia County, a "Motion to Reinstate the Complaint Pursuant to 42 Pa.C.S.A. § 5103(b)" (hereinafter "First Motion to Reinstate Complaint"). Plaintiffs filed this motion at the 2009 Court of Common Pleas Docket. This is the same docket where Plaintiffs filed their original, court of common pleas complaint – and was the same action that had been removed to federal court and never remanded. Within the motion, Plaintiffs declared:

- 7 -

> Pursuant to 42 Pa.C.S. § 5103(b), [Plaintiffs] hereby move [the court of common pleas] to reinstate the complaint which was originally filed in [the court of common pleas], subsequently removed to federal court by [Appellants], and then dismissed from federal court for lack of jurisdiction.

Plaintiffs' First Motion to Reinstate Complaint, 10/17/12, at ¶ 2.

Plaintiffs attached their original state court complaint – that they filed in 2009 and that Appellants had removed to federal court – to their First Motion to Reinstate Complaint. **See id.** at Exhibit A.

On November 7, 2012, Appellants filed a notice in the court of common pleas, declaring: "[Appellants] do not oppose the relief [P]laintiffs request in their motions – reinstatement of the complaints in [the court of common pleas]. In so doing, [Appellants] reserve their rights to challenge the complaints in all respects by way of preliminary objections." Appellants' Notice of No Opposition, 11/7/12, at 1. Nevertheless, on November 16, 2012, Appellants filed a notice in the court of common pleas, declaring that they had again removed the action to the United States District Court for the Eastern District of Pennsylvania. Appellants' Notice of Filing Notice of Removal, 11/16/12, at 1. As a result, on November 19, 2012, the court of common pleas ruled that Plaintiffs' First Motion to Reinstate Complaint was moot. Trial Court Order, 11/16/12, at 1.

In federal court, the cases received new docket numbers. Thus, in the case of **Davis v. Abington Memorial Hospital**, the action was docketed at No. 12-6491 (hereinafter "the 2012 Federal Court Docket"). There, Plaintiffs filed a motion to remand and asked the District Court to remand the case to

the Philadelphia County Court of Common Pleas. On September 1, 2016, the District Court granted Plaintiffs' motion to remand because Appellants "filed the notices of removal before the [court of common pleas] ruled on [Plaintiffs' First Motion to Reinstate Complaint]" and Appellants' notice of removal was, thus, premature. ***Davis v. Abington Mem'l Hosp.***, No. 2:12-cv-06491-CMR (E.D.Pa. 2016), at 4. The District Court reasoned:

> Under 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." As [Appellants] filed the notices of removal before the state court ruled on Plaintiffs' motions to reinstate, there is no "civil action or proceeding" in state court to be removed. This is especially important because, were the state court to have ruled upon the motions, it is unclear that they would have been granted, and thus that the actions would be reinstated. . . .
>
> Plaintiffs' motions were filed pursuant to 42 Pa.C.S.A. § 5103, which allows litigants to transfer a matter to Pennsylvania state court where it was "filed in any United States court for a district embracing any part of this Commonwealth and . . . is dismissed by the United States court for lack of jurisdiction." The statute requires litigants to file a "certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth." While Plaintiffs' motions attached a copy of their original state court complaint, Plaintiffs did not attach their Third Amended Complaint, the operative federal court pleading as required by statute. Moreover, § 5103 applies only where the case was dismissed for lack of jurisdiction, and the claims that Plaintiffs seek to reinstate are those in their original complaint, which were not dismissed for lack of jurisdiction but because the [District] Court found that they were preempted. The [District] Court dismissed for lack of jurisdiction only the remaining state-law claims as alleged in

- 9 -

the Third Amended Complaint, which were different from those Plaintiffs originally asserted in their initial state court complaint. As a result, it is possible and even likely that the state court would not have granted Plaintiffs' motions to reinstate, and thus that there would never be an action to remove. Under these circumstances, the [District] Court finds that removal was premature, and therefore will grant the motions to remand.

. . .

Plaintiffs argue that [Appellants'] notices of removal disregarded [the District] Court's "unambiguous order holding that it lacked jurisdiction over all remaining state law claims." As discussed, however, the [District] Court did not hold that it lacked jurisdiction over the claims in the original state court complaint that Plaintiff sought to reinstate. If Plaintiffs had complied with [the District] Court's orders by seeking to reinstate the state-law claims in their Third Amended Complaints, rather than complaints that assert claims [the District] Court has already held to be preempted by ERISA, these removal actions and the resulting litigation could have been avoided. As the state court has dismissed Plaintiffs' motions to reinstate as moot, Plaintiffs have an opportunity to remedy their mistake and comply with [the District] Court's orders should they choose to pursue their claims again in state court.

*Id.* at 4-6 (footnotes and emphasis omitted).

Thus, on September 1, 2016, the District Court entered an order, which granted Plaintiffs' motions to remand, remanded the cases to the court of common pleas, and ordered the clerk of courts to close the cases in the Eastern District of Pennsylvania. *Id.* at 6. The District Court's order was filed in the court of common pleas on September 27, 2016. *See* Docket Entry, at 9/27/16.

On November 17, 2016, Plaintiffs filed, at the 2009 Court of Common Pleas Docket, their "Motion to Reinstate the Third Amended Complaint

- 10 -

Pursuant to 42 Pa.C.S.A. § 5103(b)" (hereinafter "Motion to Reinstate the Third Amended Complaint"). The motion declared: "[p]ursuant to 42 Pa.C.S. § 5103(b), [Plaintiffs] hereby move [the trial c]ourt to reinstate their Third Amended Complaint related to this action that was previously filed in the Eastern District of Pennsylvania . . . after removal of this case to federal court, which the federal court then dismissed for lack of jurisdiction." Plaintiffs' Motion to Reinstate the Third Amended Complaint, 11/17/16, at ¶ 1. Plaintiffs attached their Third Amended Complaint, which they filed at the 2009 Federal Court Docket, to their motion. *See id.* at Exhibit A.

Appellants responded to Plaintiffs' motion and requested that the trial court deny the motion because: the trial court "has no jurisdiction over this action any longer, as the docket was permanently closed in 2010 after a federal court denied a motion to remand filed by Plaintiffs;" even if the docket were active, Section 5103(b) does not permit the reinstatement of Plaintiffs' claims because the claims were not dismissed, transferred, or remanded for lack of jurisdiction; and, even if Section 5103(b) were applicable, denial would still be necessary because Plaintiffs waited more than four years to seek reinstatement of their claims and, thus, Plaintiffs did not "promptly" seek relief. Appellants' Response, 12/7/16, at 2.

On May 15, 2017, the trial court granted Plaintiffs' Motion to Reinstate the Third Amended Complaint. Trial Court Order, 5/17/17, at 1. Appellants later filed a petition, in this Court, seeking immediate appeal from the trial court's May 15, 2017 interlocutory order. Appellants' Petition for Review,

- 11 -

8/14/17, at 1-20; **see also** 42 Pa.C.S.A. § 702(b). We granted the petition for review on November 29, 2017 and the current appeal is now before this Court.

On appeal, Appellants raise two questions:

> [1.] Whether the trial court erred as a matter of law when it exercised jurisdiction over an action that was removed to federal court in 2009 and not remanded[?]
>
> [2.] Whether [42 Pa.C.S.A.] § 5103(b) allows [Plaintiffs] to "reinstate" in the court of common pleas state law claims when (1) the federal court chose not to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c) after dismissing with prejudice the only federal claims present in the action; and (2) Plaintiffs waited more than four years after the state law claims were dismissed by the federal court before taking any action to assert those claims in state court[?]

Appellants' Brief at 2 (some capitalization omitted).

First, Appellants claim that the trial court erred when it granted Plaintiffs' Motion to Reinstate the Third Amended Complaint because the trial court did not have subject matter jurisdiction over the action. Specifically, Appellants claim that the trial court did not have jurisdiction over the action because, after the action was removed to federal court in 2009, the federal court did not remand the case back to the court of common pleas. We agree.

"It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte*." **Grom v. Burgoon**, 672 A.2d 823, 824-825 (Pa. Super. 1996). The question of subject matter jurisdiction "is purely one of law;" therefore, our standard of review

over this issue is *de novo*, and our scope of review is plenary. ***Commonwealth v. Jones***, 929 A.2d 205, 211 (Pa. 2007).

Section 1446 of the United States Judicial Code (28 U.S.C. § 1446) is titled "procedure for removal of civil actions" and declares in relevant part:

> **(a) Generally.**--A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> . . .
>
> **(d) Notice to adverse parties and State court.**--Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.

28 U.S.C. § 1446.

Thus, under the plain terms of Section 1446, once a case is removed to federal court, "the State court shall proceed no further **unless and until the case is remanded**." ***Id.*** (emphasis added). As summarized by two legal commentators:

> The federal court's assertion of removal jurisdiction places the state court's jurisdiction in a state of suspension until such time as the federal court remands the case to state court. If the [federal] court finds that it does have jurisdiction and that the case has been properly removed, or if the federal court dismisses the cause of action in response to a party's

- 13 -

motions, then the removal operates to terminate the state court's jurisdiction. Any proceedings that occur in the state court between the filing of a copy of the federal removal petition in the state court and the reinvestment of jurisdiction that occurs upon the remand of the case to the state court are void.

David A. Furlow & Charles W. Kelly, *Removal and Remand: When Does a Federal District Court Lose Jurisdiction Over a Case Remanded to State Court?*, 41 Sw. L.J. 999, 999-1001 (1988); **see also Crown Constr. Co. v. Newfoundland Am. Ins. Co.**, 239 A.2d 452, 455 (Pa. 1968) ("[w]hen a removal has been effected in strict compliance with the statutory requirements, then the state court's jurisdiction ceases and any further proceeding in the state court is a nullity so long as the action is pending in the federal court"); **Wenrick v. Schloemann-Siemag Aktiengesellschaft**, 522 A.2d 52, 54 (Pa. Super. 1987) ("[n]ormally, the filing of [a notice of removal] imposes an automatic stay on any further proceedings in the state court and any proceedings that are conducted in the state court are a nullity until there has been a remand by the federal court"); **Maseda v. Honda Motor Co., Ltd.**, 861 F.2d 1248, 1254-1255 (11th Cir. 1988) ("after removal, the jurisdiction of the state court absolutely ceases and the state court has a duty not to proceed any further in the case. Any subsequent proceedings in state court on the case are void *ab initio*") (citations and footnotes omitted).

Remand is accomplished by the federal clerk mailing a "certified copy of the order of remand . . . to the clerk of the State court." 28 U.S.C. § 1447(c). Section 1447(c) declares that, when the "certified copy of the order of

- 14 -

remand" is mailed to the clerk of the State court, "[t]he State court may thereupon proceed with such case." *Id.*

Here, Plaintiffs filed their original complaint, in 2009, in the Court of Common Pleas of Philadelphia County. Appellants removed the case to the District Court, where the case proceeded and Plaintiffs eventually filed a Third Amended Complaint. The Third Amended Complaint consisted of FLSA claims and Pennsylvania state-law claims.

On August 7, 2012, the District Court dismissed Plaintiffs' Third Amended Complaint and closed the case. In relevant part, the District Court's August 7, 2012 order declares:

> 1. Plaintiffs' federal claims are DISMISSED with prejudice.
>
> 2. The [District] Court declines to exercise supplemental jurisdiction over the remaining state law claims which are DISMISSED without prejudice to the reassertion of these claims in state court to the extent Plaintiffs can do so consistent with the [District] Court's prior rulings.
>
> The Clerk of Court is directed to CLOSE this case.

District Court Order, 8/7/12, at 1 (emphasis, citations, and some capitalization omitted).

Of note, the District Court's August 7, 2012 order did not remand the case to the court of common pleas; correspondingly, no remand order was entered on the court of common pleas docket. Nevertheless, following the District Court's August 7, 2012 order, Plaintiffs began filing motions at the

2009 Court of Common Pleas Docket, which was an action that had been removed to federal court and never remanded.

The question now is whether the trial court had subject matter jurisdiction to consider Plaintiffs' filings at the 2009 Court of Common Pleas Docket and to grant Plaintiffs' Motion to Reinstate the Third Amended Complaint. We conclude that the trial court lacked subject matter jurisdiction over the action that was filed at the 2009 Court of Common Pleas Docket. We must, therefore, vacate the trial court's May 15, 2017 order.

In *Fessler v. Hannagan*, 601 A.2d 462 (Pa. Cmwlth. 1991), the Commonwealth Court of Pennsylvania had occasion to consider a case similar to the one at bar. In *Fessler*, the plaintiffs sued various defendants in the Court of Common Pleas of Luzerne County; the defendants included the United States Department of Housing and Urban Development ("HUD") and the action was docketed at No. 4055-C of 1989. The defendants removed the case to federal court and the federal district court eventually dismissed the action on the merits. *Id.* at 463.

After the district court dismissed the case, "plaintiffs filed in the Court of Common Pleas of Luzerne County an amended complaint at the same docket number as the removed and dismissed action (No. 4055–C of 1989)." *Id.* The amended complaint eliminated HUD as a defendant, "but raised substantially the same issues as the original pleading." *Id.*

The defendants claimed that the court of common pleas lacked subject matter jurisdiction over the action because the case had been removed to

- 16 -

federal court and never remanded. The trial court agreed with the defendants and dismissed the complaint. On appeal, the plaintiffs claimed that the trial court erred in dismissing their complaint because: 1) the "dismissal of the action in federal court [] operate[d] as an automatic remand to the state court" and 2) "the filing of a second, separate state court suit [was] not prohibited by removal of the first such suit into federal court." **See id.** at 464. The Commonwealth Court rejected both of the plaintiffs' arguments and affirmed the trial court's order.

First, the Commonwealth Court rejected the plaintiffs' claim that the "dismissal of the action in federal court somehow operate[d] as an automatic remand to the state court." **Id.** The **Fessler** Court emphasized that 28 U.S.C. § 1446(d) explicitly states that, upon removal, "'**the State court shall proceed no further unless and until the case is remanded**.'" **Id.** at 464 (emphasis in original), *quoting* 28 U.S.C. § 1446(d). Thus, "[o]rdinarily, any further state court proceedings 'are a nullity until there has been a remand by the federal court.'" **Fessler**, 601 A.2d at 464, *quoting* **Wenrick**, 522 A.2d at 54. The **Fessler** Court held that "the plain and unambiguous language of the federal removal statute" did not permit the state court to reestablish jurisdiction after the federal court merely dismissed the action; instead, to invest jurisdiction in the state court, an express remand by the federal court was required. **See Fessler**, 601 A.2d at 464.

The **Fessler** Court also rejected the plaintiffs' second claim, where the plaintiffs contended they filed a permissible "separate" state court suit.

Initially, the *Fessler* Court agreed with the plaintiffs that, "if a separate action [were] filed in state courts, the automatic stay of 28 U.S.C. § 1446(d) would not necessarily prohibit further state proceedings on the second action if it was not filed simply in an attempt to defeat federal removal jurisdiction." *Id.* at 464-465. However, the *Fessler* Court held, the plaintiffs **did not** file a "second action" – instead, the plaintiffs erroneously filed an amended complaint at the original docket, which had been removed to federal court and never remanded. As the *Fessler* Court explained, this was fatal to the plaintiffs' case:

> On removal, the federal court "acquires total, exclusive jurisdiction over the litigation," and the mere filing of an amended complaint in state court omitting the basis for the federal claim does not defeat the federal court's jurisdiction. *Crummie v. Dayton–Hudson Corp.*, 611 F.Supp. 692, 693 (E.D.Mich. 1985). "The removed case is governed by the Federal Rules of Civil Procedure and is treated as though it originally had been instituted in the federal court." *Id.* at 693; *see also Redfield v. Continental Casualty Corp.*, 818 F.2d 596 (7th Cir. 1987).
>
> Plaintiffs cannot amend in state court a pleading that is treated as having been originally instituted in federal court. Plaintiffs' amended complaint was filed in state court at the same docket number as the removed action which the district court dismissed without remand. Because plaintiffs' amended complaint was not a separate action, but was an attempt to continue the removed action in state court by amendment, the court of common pleas was without jurisdiction to take any further action. If plaintiffs wanted to amend their original pleading, they were obligated to seek leave to amend from the district court, which had jurisdiction over the case by virtue of removal.

*Fessler*, 601 A.2d at 465.

- 18 -

Although we are "not bound by decisions of the Commonwealth Court[,] . . . such decisions provide persuasive authority[] and we may turn to our colleagues on the Commonwealth Court for guidance when appropriate." *Petow v. Warehime*, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010). We conclude that *Fessler* is persuasive authority for this Court, as *Fessler's* analysis and holding are consistent with the express language of Section 1446(d) and with the holdings of various other courts that have considered the issue.

For example, in *Allstate Insurance Co. v. Superior Court*, 183 Cal. Rptr. 330 (Cal. Ct. App. 1982), the defendant removed an action to federal court on the ground of federal diversity jurisdiction. In accordance with a stipulation by the parties, the district court entered an order dismissing the action without prejudice, so that the plaintiff could file a new action in state court and name nondiverse defendants. *Id.* at 331.

Instead of filing a new action in state court, the plaintiff filed an amended complaint at the original California state court docket number. The defendant claimed that the state court did not have jurisdiction over the action because the federal district court did not remand the case to the state court. The California Court of Appeals agreed with the defendant, reasoning:

> [28 U.S.C. § 1446] establishes that removal of a civil action from a state court to a federal court, on the ground of the defendant's diverse citizenship, operates as a literal "removal" of the action from the state court and terminates that court's jurisdiction to proceed in it at the time. [28 U.S.C. § 1447] makes it clear that proceedings in the action

- 19 -

may thereupon be conducted in the federal court, which has exclusive jurisdiction after removal; that the federal court must "remand" the action to the state court of origin if federal jurisdiction is subsequently found wanting; and that the state court may resume its first-instance jurisdiction if—but only if—there is a "remand" of the action to it from the federal court.

It is undisputed that there was no **remand** by the federal court in the present case, and that the action was **dismissed** by that court on plaintiff's motion. The dismissal was entered when the federal court had exclusive jurisdiction of the action. The fact that the dismissal was "without prejudice" permitted plaintiff to pursue his claims in another action, and this prospect was clearly portended throughout the proceedings in which he moved the federal court for dismissal. The dismissal without prejudice nevertheless terminated the action, and placed him in a "legal position" as if he had never brought it. There having been a dismissal without remand, there was no **action** in which respondent court could "resume" jurisdiction as plaintiff contends. [Accordingly, the state] court consequently erred, and exceeded its jurisdiction, in permitting further proceedings [at the original docket number] after the federal court had dismissed it. . . .

*Allstate Ins. Co.*, 183 Cal.Rptr. at 333 (emphasis in original) (footnotes and some citations and emphasis omitted); *see also Miller v. Equifax, Inc.*, 208 P.3d 498 (Or. App. 2009) (the plaintiffs filed a complaint, in state court, against Equifax; after Equifax removed the case to federal court, the district court (per the parties' stipulation) dismissed the case without prejudice – but the court did not remand the case; after dismissal, the plaintiffs filed an amended complaint, in state court, at the original docket number; the amended complaint omitted Equifax as a party and, instead, named Consolidated Credit Services, Inc. as the defendant; the trial court dismissed the action for lack of jurisdiction and the appellate court affirmed, reasoning:

"[a]fter the federal court's dismissal of plaintiffs' claims against Equifax, plaintiffs presumably could have filed a new action in state court . . . Instead of filing a new action, plaintiffs chose to raise their claims against Consolidated in the same action that Equifax had removed. After removal, however, a state court has no jurisdiction over the removed action. Because this action was removed to and never remanded from the federal district court, the trial court was correct to conclude that it lacked jurisdiction") (citations omitted); *Willis v. Shelby County*, 2009 WL 1579248 (Tenn. Ct. App. 2009) ("[v]arious plaintiffs have attempted to argue that dismissal of their claims in federal court somehow automatically remands the case to the state court. State and federal courts have consistently held, however, that a state court has no jurisdiction to resume proceedings where a federal court, in its discretion, dismisses the case rather than remanding it"); *Allstate Ins. Co. v. Preston*, 842 F.Supp. 1441, 1443 (S.D.Fla. 1992) ("Section 1446(d) provides that, after an action has been removed to federal court, the state court shall proceed no further unless and until the case is remanded. Because the case was never remanded . . . the state court is without jurisdiction to proceed in the action") (citation and footnote omitted).

Within their brief to this Court, Plaintiffs raise a number of arguments wherein they insist that the trial court possessed jurisdiction to enter the May 15, 2017 order. Specifically, Plaintiffs claim that the trial court possessed subject matter jurisdiction over the action because: 1) when Plaintiffs eliminated their ERISA claims in the Third Amended Complaint, "the order

finding [ERISA] preemption became moot, the federal court no longer had subject matter jurisdiction over the state law claims, and by operation of [28 U.S.C. § 1447(c), the case] had to be remanded to state court;" 2) the District Court remanded the case to the court of common pleas *sub silentio*; 3) Appellants acquiesced to Plaintiffs' actions; and, 4) Plaintiffs were permitted to transfer their action to state court by utilizing 42 Pa.C.S.A. § 5103(b). **See** Plaintiffs' Brief at 11-26. Plaintiffs' contentions fail.

We first address Plaintiffs' claim that the trial court had jurisdiction over their action because, when they eliminated their ERISA claims in the Third Amended Complaint, "the order finding [ERISA] preemption became moot, the federal court no longer had subject matter jurisdiction over the state law claims, and by operation of [28 U.S.C. § 1447(c), the case] had to be remanded to state court." Plaintiffs' Brief at 12. In relevant part, 28 U.S.C. § 1447(c) provides: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

It is true that Plaintiffs' original complaint consisted of ERISA claims and that Appellants originally removed the case to federal court because of the ERISA claims and because ERISA completely preempted the state-law claims. **See Davis**, 765 F.3d at 239. It is also true that Plaintiffs filed a Third Amended Complaint in federal court, which abandoned the ERISA claims and, instead, raised FLSA and Pennsylvania state-law claims.

Nevertheless, for our purposes, it is irrelevant that Plaintiffs abandoned their ERISA claims in the Third Amended Complaint that they filed in the District Court. Certainly, Plaintiffs' Third Amended Complaint consisted of a federal claim and supplemental Pennsylvania state-law claims. Thus, even though Plaintiffs abandoned their ERISA claims in the Third Amended Complaint, the District Court still possessed jurisdiction over the case: it possessed original jurisdiction over the federal claim and supplemental jurisdiction over the state-law claims pleaded in the Third Amended Complaint. Further, after the District Court dismissed Plaintiffs' FLSA claims with prejudice, the District Court exercised its discretion by "**declin[ing] to exercise supplemental jurisdiction over the remaining state-law claims** which are dismissed without prejudice to the reassertion of these claims in state court." District Court Order, 8/7/12, at 1 (emphasis, citations, and some capitalization omitted) (emphasis added).

Given this posture, Plaintiffs are incorrect to argue that 28 U.S.C. § 1447(c) required the District Court to remand the action to the court of common pleas or that the refusal to exercise supplemental jurisdiction somehow resurrected the jurisdiction of the trial court in the absence of an express remand order. To be sure, as the United States Supreme Court has held: "[w]hen a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009). Thus, since the

District Court exercised its discretion and "declin[ed] to exercise supplemental jurisdiction over the remaining state-law claims," 28 U.S.C. § 1447(c) did not apply and did not require that the District Court remand the case to the court of common pleas. *See id.*

Next, Plaintiffs contend that the trial court possessed jurisdiction over the action because the District Court's August 7, 2012 dismissal order remanded the case to the court of common pleas *sub silentio*. Plaintiffs' Brief at 16-18. This claim is meritless. Put simply, no remand order appears on the court of common pleas docket from the District Court's August 7, 2012 order and there is no evidence that, in response to that order, the federal clerk of courts mailed a "certified copy of the order of remand . . . to the clerk of the State court." 28 U.S.C. § 1447(c). Therefore, the District Court's August 7, 2012 dismissal order simply did not remand the case to the court of common pleas.

Third, Plaintiffs argue that Appellants acquiesced to Plaintiffs' actions in the court of common pleas, when, following the District Court's August 7, 2012 dismissal order, Appellants filed a notice in the trial court declaring: "[Appellants] do not oppose the relief [P]laintiffs request in their motions – reinstatement of the complaints in [the court of common pleas]." Appellants' Notice of No Opposition, 11/7/12, at 1. Plaintiffs claim that, as a result of this acquiescence, Appellants "should be estopped from now contending that the trial court lacked jurisdiction." Plaintiffs' Brief at 19.

Plaintiffs' claim fails. It is irrelevant that Appellants arguably consented to Plaintiffs' filing on the 2009 Court of Common Pleas Docket. The issue at hand implicates the trial court's subject matter jurisdiction – and subject matter jurisdiction cannot be "acquired by consent or waiver of the parties." ***Commonwealth v. McNeil***, 808 A.2d 950, 954 (Pa. Super. 2002).

Finally, Plaintiffs contend that 42 Pa.C.S.A. § 5103(b) permitted their actions in this case. Section 5103 is entitled "[t]ransfer of erroneously filed matters." In relevant part, Section 5103 declares:

> **(a) General rule.**--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.
>
> **(b) Federal cases.**--
>
> (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not

required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

(2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

. . .

42 Pa.C.S.A. § 5103.

As the United States District Court for the Eastern District of Pennsylvania has explained:

[Section 5103] provides that a case which has been erroneously filed in federal court, but should have been brought in state court, can be transferred[, by the litigant,] to state court and treated as if it was first filed there. 42 Pa.C.S.A. § 5103(b)(1). The policy behind this section is that a plaintiff who files a timely action in Federal District Court should not lose his opportunity to litigate that case on the merits simply because he is in error regarding federal jurisdiction.

*In re Grocott*, 507 B.R. 816, 825 (E.D.Pa. 2014) (quotations and some citations omitted).

- 26 -

Section 5103 thus addresses the procedure by which a litigant may transfer, to state court, a matter that was erroneously filed in federal court. The section simply does not speak to the situation currently before this Court, where a plaintiff seeks to revive a state-court docket that was removed to federal court and never remanded. Stated another way, Section 5103 has no applicability to the remand procedures in federal court, which are governed by federal law, and the section obviously cannot provide the court of common pleas with subject matter jurisdiction to consider filings on a docket of a state-court action that had been removed to federal court and never remanded. Thus, Plaintiffs' claim fails.[2]

Consistent with the above, we conclude that, since the District Court's August 7, 2012 order dismissed Plaintiffs' Third Amended Complaint and did not remand the case to the court of common pleas, the court of common pleas did not have subject matter jurisdiction to consider anything that was filed at the original, 2009 Court of Common Pleas Docket, as that action was removed to federal court and never remanded. Therefore, we must vacate the trial

_____

[2] The trial court claims that it possessed jurisdiction over the action because Plaintiffs' original "state law claims were neither preempted [by ERISA] nor dismissed with prejudice." Trial Court Opinion, 7/16/18, at 9. We recognize that the District Court dismissed Plaintiffs' state law claims without prejudice and our holding today is not grounded in concepts of ERISA preemption. Instead, we merely hold that the trial court did not have subject matter jurisdiction over the current action because, after the action was removed to federal court in 2009, the District Court dismissed Plaintiffs' Third Amended Complaint and did not remand the case back to the court of common pleas.

court's May 15, 2017 order, which granted Plaintiffs' Motion to Reinstate the

Third Amended Complaint.

Orders vacated. Cases remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/22/20