J-A09024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IRON AND STEEL REALTY INVESTMENTS, LLC | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER HOBERMAN AND JENNIFER HOBERMAN, HUSBAND AND WIFE, AND HOBERMAN HOMES, LLC | : | No. 1095 WDA 2024 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered May 17, 2024
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  1559 of 2023

BEFORE:  KUNSELMAN, J., NICHOLS, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: October 28, 2025**

Appellants Tyler Hoberman, Jennifer Hoberman, and Hoberman Homes, LLC, appeal from an order overruling their preliminary objections to Appellee, Iron and Steel Realty Investments, LLC's action alleging unjust enrichment. Appellants claim that the trial court erred in concluding that Appellee had stated a cause of action in unjust enrichment sufficient to overcome preliminary objections.  We affirm.

By way of background, this matter arises from an upset tax sale of property located at 1100 Willowbrook Road in Rostraver, Westmoreland County (the Property).  **See** Trial Ct. Op., 10/18/25, at 1; **see also Iron and Steel Realty Investments v. Westmoreland County Tax Claim Bureau** 893 CD 2021, 2022 WL 2336050, at *1 (Pa. Cmwlth. filed Jun. 29, 2022)

(unpublished mem.) (***Iron and Steel Tax Sale***).[1]  In 2015, Appellee purchased the Property as an "investment property to repair and flip for profit." ***Iron and Steel Tax Sale***, 2022 WL 2336050 at *2 (citation omitted). On September 9, 2019, the Property was put up for "a tax sale by the Westmoreland County Tax Claim Bureau for delinquent taxes" and was purchased by Appellant, Hoberman Homes, LLC (Hoberman Homes).  ***See*** Appellee's Am. Compl., 12/1/23, at ¶¶ 6-7; ***see also Iron and Steel Tax Sale***, 2022 WL 2336050 at *1-2.  A deed confirming this tax sale to Hoberman Homes was issued on December 10, 2019.  ***See*** Appellee's Am. Compl., 12/1/23, at Ex. "B" (Tax Sale Deed, 12/10/19).

On January 10, 2020, Appellee filed a petition to set aside the tax sale and alleged that, by this action, Appellants were "placed on notice that [Appellee] was questioning the legal propriety of the sale and consequently [Appellants'] legal right of control, possession, and maintenance of [the Property]." ***Id.*** at ¶¶ 11-12.  Appellee alleged that Appellants were also placed "on notice as to [Appellee's] claims" because Appellee "requested a Motion for Stay, a Request for a Supersedeas and other relief[;]" and had "requested that any rental amount being received by [Appellants] be placed into an

---

[1] With regard to decisions of our sister Court, the Commonwealth Court, while we are not bound by these decisions, "such decisions provide persuasive authority and we may turn to our colleagues on the Commonwealth court for guidance when appropriate." ***Lynn v. Aria Health System***, 227 A.3d 22, 32 (Pa. Super. 2020) (citation omitted and some formatting altered).  Further, we may cite to unreported memoranda of the Commonwealth Court filed after January 15, 2008 for persuasive value.  ***See*** Pa.R.A.P. 126(b).

escrow account during the pendency of the appeal to the Commonwealth Court," which was "yet further notice of [Appellee's] claim to any rental proceeds generated from the rental of the premises." *Id.* at ¶¶ 20-21.

On July 6, 2021, the trial court granted Appellee's petition to set aside the tax sale. On August 3, 2021, the trial court entered an amended order directing Appellee to pay $9,311.32 to Hoberman Homes as reimbursement for the tax sale purchase price. *Id.* at ¶¶ 17-18; *see also Iron and Steel Tax Sale*, 2022 WL 2336050 at * 3.

Appellants timely appealed the tax sale set aside order to Commonwealth Court. *See* Appellee's Am. Compl., 12/10/23, at ¶ 19. A panel of the Commonwealth Court concluded that Appellee's petition "was properly granted where the [Westmoreland County Tax Claim] Bureau conceded that it did not comply with the notice requirements of the Tax Sale Law" and affirmed the trial court's set aside order on June 29, 2022. *Iron and Steel Tax Sale*, 2022 WL 2336050 at *10. Appellee regained possession of the Property on or about July 5, 2022. *See* Appellee's Am. Compl., 12/10/23, at ¶ 23.

After regaining possession of the Property, Appellee commenced the instant action by filing a complaint against Appellants on August 9, 2023. Appellee subsequently filed an amended complaint in which it alleged that Appellants "did not invest any proceeds into the Property, supply any labor to the Property, or otherwise add any value to the Property." *Id.* at ¶ 30 (some formatting altered).

Additionally, Appellee asserted that Appellants rented the Property to a third-party tenant for a monthly amount of $1,700.00 from January 1, 2020 through June 30, 2022. *Id.* at ¶ 13. Because the tax sale was set aside, Appellees asserted that Appellants "*ab initio*, had no right, title or interest to the . . . Property," and "no legal or equitable claim for the receipt or retention of the rental payments paid from January 1, 2020, through June 30, 2022." *Id.* at ¶¶ 28, 34 (some formatting altered). Appellee further asserted that "[a]s the owner of the . . . Property, [Appellee] is the proper party for receiving rent for the use of the . . . Property," and that the rental income "collected . . . and retained by [Appellants] from January 1, 2020, until June 30, 2022, is the rightful property of [Appellee]." *Id.* at ¶¶ 29, 33 (some formatting altered). Therefore, Appellee argued that Appellants' retention of $51,000 in rental payments "would be unjust, inequitable, and an outright deprivation of [Appellee's] property and contractual rights." *Id.* at ¶ 35. Finally, Appellant asserted that

> [t]he benefit received by [Appellants] did not arise through passivity. Rather, [Appellants] undertook direct concerted efforts to rent [the Property] and to collect monthly rent for the use and residence of [the Property] while knowing the propriety of the same was being questioned in the [trial court]. Additionally, [Appellants] opposed any and all efforts to place the rental money in an escrow account until the litigation was resolved and legal ownership of [the Property] could be determined.

*Id.* at ¶¶ 40, 41 (some formatting altered).[2]

Appellants subsequently filed preliminary objections to the amended complaint in the nature of a demurrer. Therein, Appellants argued that

> [t]o establish a claim of unjust enrichment, a plaintiff must show some benefit conferred on defendants by the plaintiff, appreciation of such benefits by defendants, and acceptance and retention of such benefits under circumstances where it would be inequitable for defendants to retain the particular benefit without payment of value.

Appellants' Prelim. Objs. to Am. Compl., 12/21/23, at 2 (citation omitted). Appellants further contended that "[Appellee] did not confer any benefit on [Appellants.]" *Id.*

After briefing and oral argument, the trial court entered an order overruling Appellants' preliminary objections and holding that Appellee's "allegations, when taken in the light most favorable to [Appellee], are sufficient to set forth a claim at this stage of the pleadings." *See* Trial Ct. Order, 5/17/24, at 1; Trial Ct. Op., 10/18/24, at 2-3.

On June 5, 2024, Appellants filed a motion requesting that the trial court amend its May 17, 2024 order to include language from 42 Pa.C.S. § 702(b) to permit it to file an immediate appeal. After the trial court denied Appellants' motion, Appellants filed a timely petition for permission to appeal with this

---

[2] The Commonwealth Court, in *Iron and Steel Tax Sale*, noted that Hoberman Homes had "represented to the [trial court] that it had paid $8,313.68 for the Property at the tax sale and . . . spent a total of $24,845.60 to date on the Property." *Iron and Steel Tax Sale*, 2022 WL 2336050 at *2 (citation omitted).

Court pursuant to Pa.R.A.P. 1311. This Court granted Appellants' petition for review on September 12, 2024. Both Appellants and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellants present the following questions:

1. Whether [Appellee's amended complaint] sets forth a cause of action for unjust enrichment under the facts pled in that [Appellee] did not confer any "benefit" upon [Appellants].

2. Whether the [trial] court erred in its conclusion that the allegations of [Appellee's amended complaint] are sufficient to set forth a claim for unjust enrichment.

Appellants' Brief at 6.

Appellants' issues are related, therefore we address them together. Appellants argue that Appellee failed to allege "facts suggesting that it conferred a benefit on [Appellants]" and, therefore, the trial court should have sustained its demurrer that Appellee failed to state a claim for unjust enrichment. *Id.* at 19 (some formatting altered). Specifically, Appellants argue that Appellee did not plead that it gave anything to Appellants, performed any work or services for Appellants, or paid any debt or saved Appellants any expense or loss. *Id.* at 18. Appellants also claim that Appellee did not allege that it was renting out the Property at the time of the tax sale and, accordingly, Appellee had not pled that it "suffered any 'loss' for which restitution may be directed." *Id.*

Appellants observe that "there appears to be no statutory enactment providing that the purchaser at tax sale is liable for rents to the original owner

should the tax sale subsequently be declared void." *Id.* at 21. In support, Appellants direct our attention to ***Dubin v. County of Northumberland***, 847 A.2d 769 (Pa. Cmwlth. 2004), in which the Commonwealth Court found that "the plaintiffs 'failed to state a claim for unjust enrichment because they have failed to prove that they conferred benefits' on the defendants," where "the defendants were not liable to the plaintiff landowner for the profits and benefits received during the lease terms." *Id.* (quoting ***Dubin***, 847 A.2d at 773). Appellants conclude that the trial court erred in overruling their preliminary objections because the facts alleged by Appellee, that is, "the use of [Appellee's] property to collect a monthly rent" to establish "the benefit conferred on [Appellants,]" is "inconsistent with both appellate authority and analogous statutory enactments." *Id.* at 22-23 (citation omitted).

> In reviewing a trial court's ruling on preliminary objections,
>
> we deem all material facts averred in the complaint, and all reasonable inferences that can be drawn therefrom[] to be true. The purpose of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt. With regard to preliminary objections in the nature of demurrer, we consider whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***Commonwealth by Shapiro v. Golden Gate National Senior Care LLC***, 194 A.3d 1010, 1022 (Pa. 2018) (citations omitted and some formatting altered) (***Golden Gate***). "We will reverse the trial court's decision regarding

preliminary objections only where there has been an error of law or abuse of discretion." ***Ashton v. Aventus Pasteur, Inc.***, 851 A.2d 908, 911 (Pa. Super. 2004) (citation omitted).

> This Court has explained:

> A claim for unjust enrichment arises from a quasi-contract. A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another.

> The elements of unjust enrichment are benefits conferred on defendant by plaintiff, appreciation of such benefits by defendant, and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Whether the doctrine applies depends on the unique factual circumstances of each case. In determining if the doctrine applies, we focus not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.

> Moreover, the most significant element of the doctrine is whether the enrichment of the defendant is **unjust***. The doctrine does not apply simply because the defendant may have benefited as a result of the actions of the plaintiff.

***Stoeckinger v. Presidential Financial Corp. of Delaware Valley***, 948 A.2d 828, 833 (Pa. Super. 2008) (citations omitted, some formatting altered, and emphasis in original).

> Here, the trial court stated that it

> accepted [Appellee's] allegations as true in accordance with the standard for preliminary objections" and, in so doing, found "that each of the[] elements [of unjust enrichment] were sufficiently ple[d]. [Appellee] allege[d] that the benefit conferred on [Appellants] by [Appellee] was the use of [Appellee's] property to collect a monthly rent. [Appellants] appreciated the benefit of using [Appellee's] property by renting the property and collecting

- 8 -

the monthly rental payments. Further, [Appellants] accepted and retained the monthly rental amounts under circumstances that would be inequitable as a result of [Appellee's] petition to set aside the tax sale, the actions taken by [Appellee] in that matter, the ruling by the [trial court] overturning the tax sale, and the appeal of that ruling with no stay during the pendency of that appeal. Based on these allegations, [Appellee's] claims for unjust enrichment were sufficiently ple[d].

Trial Ct. Op., 10/18/24, at 4.

Based on our review of the record, we find no abuse of discretion or error of law in the trial court's order overruling Appellants' preliminary objections. *See Ashton*, 851 A.2d at 911. As noted previously, when ruling on preliminary objections, the trial court must evaluate the sufficiency of the pleadings, treating all material facts alleged as true. *See Golden Gate*, 194 A.3d at 1022. Here, Appellee raised a claim for unjust enrichment and pled that Appellees conferred a benefit upon Appellants when Appellants collected monthly rent for the Property. *See* Appellee's Am. Compl., 12/10/23, at ¶¶ 13-40. Even if, as Appellants contend, no statute or case law establishes that Appellants were liable to Appellee for the alleged rental income collected for the use of the Property, the trial court was not required to conclude that it would be impossible for Appellee to establish that it conferred a benefit upon Appellants under a claim of unjust enrichment when ruling on a demurrer. *See Golden Gate*, 194 A.3d at 1022 (directing that "[w]here a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it"). Therefore, we agree with the trial court that

Appellee adequately **pled** its claim for unjust enrichment.  **See Stoeckinger**, 948 A.2d at 833; **see also Golden Gate**, 194 A.3d at 1022.

Further, to the extent Appellants rely on **Dubin**, that case involved an unjust enrichment claim in the context of summary judgment, not preliminary objections.  **See Dubin**, 847 A.2d at 771 n.7 (explaining that "[s]ummary judgment is only appropriate when, after examining the record in the light most favorable to the non-moving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law").  As noted previously, in ruling on preliminary objections, the trial court was required to assume that all of the allegations in Appellee's amended complaint were true.  **See Golden Gate**, 194 A.3d at 1022.  Therefore, **Dubin** does not foreclose the possibility that Appellee could establish that it conferred a benefit upon Appellants in support of its claim of unjust enrichment.  **See Dubin**, 847 A.2d at 771.

We are mindful that a finding of unjust enrichment depends on "the unique factual circumstances of each case" and depends "not on the intention of the parties, but rather on whether the defendant[s, here, Appellants] ha[ve] been unjustly enriched."  **Stoeckinger**, 948 A.2d at 833 (citations omitted). At this stage of proceedings, however, the facts, and the equitable considerations and conclusions to be drawn from those facts, have not yet been developed.  Accordingly, Appellants are not entitled to relief on their claims.  **See Golden Gate**, 194 A.3d at 1022; **Ashton**, 851 A.2d at 911.  For these reasons, we affirm the trial court's order.

Order affirmed.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 10/28/2025